STEBBINS & Others *v.* ST. ANNE & Others.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

Submitted December 18, 1885.—Decided January 11, 1886.

Two alternative claims, each belonging to many persons, one of whom has no interest in one claim, and others of whom have no interest in the other claim, cannot be joined in one bill in equity.

This was a bill in equity, filed June 25, 1884, by John H. Stebbins, Edward G. Judson, William A. Tenney and Sutherland Tenney, and by William D. Judson and Amos

Tenney, lately partners with Joseph E. Young, under the name of Joseph E. Young & Co., against the Town of St. Anne, the Chicago, Danville and Vincennes Railroad Company, and the receiver of that company, to obtain payment of bonds to the amount of $30,000, issued by the town, under statutes of the State of Illinois, to aid in the construction of the railroad of that company. The facts alleged in the bill, so far as necessary to the understanding of the decision, were as follows:

In February, 1869, the railroad company entered into a contract with Joseph E. Young & Co. to construct its railroad from Danville through St. Anne and other towns to Chicago, and thereby agreed to assign and did assign to the contractors all donations, bonds or aids which might be contributed by municipalities along the line of the railroad. The contractors fulfilled their contract and completed the construction of the road before December 1, 1871.

In June, 1869, the town voted to raise by tax a subscription of $30,000, to aid in the construction of the railroad, to be paid in bonds of from $1000 to $5000 each, payable to bearer in from one to five years, with interest at the rate of ten per cent. In December, 1870, the bonds were signed by the supervisor of the town in its behalf, and, by direction of the town authorities, delivered by him to Joseph E. Young & Co., as entitled to the bonds under their contract with the railroad company; and were afterwards redelivered by the contractors to him for the purpose of being registered in the office of the auditor of accounts at Springfield in the State of Illinois.

The supervisor, on his way to Springfield for that purpose, stopped at his home in St. Anne, and while there, on January 5, 1871, certain citizens of the town filed a bill in equity in the Circuit Court of Kankakee County against him and other officers of the town, upon which an injunction was granted against the delivery of the bonds, and the bonds were placed by order of the court in the custody of its clerk for safe keeping, and the suit remained in court until April 4, 1876, when the bill was dismissed and the injunction dissolved, after the case had been taken to the Supreme Court of Illinois, and the bonds

declared valid by the opinion of that court, reported in *Chicago, Danville & Vincennes Railroad* v. *Coyer*, 79 Ill. 373.

On April 7, 1876, all the bonds, except one, were taken from the clerk of the court upon a writ of replevin obtained by the then supervisor of the town from a justice of the peace, who had no jurisdiction of the matter; and on the next day were fraudulently and unlawfully burned and wholly destroyed by the town authorities, without the knowledge or consent of the contractors or of the railroad company.

The bill further alleged that Stebbins, Edward G. Judson, William A. Tenney and Sutherland Tenney "are the real equitable owners of all and singular the interests, claims and demands of said Joseph E. Young and Company, or said railroad company, or its receiver, against the said town of St. Anne, and in and to the bonds herein set forth; and said John H. Stebbins is equitably entitled to one third of the claim of said Joseph E. Young and Company against said railroad company, or the judgment against said railroad company, as herein set forth;" and that Stebbins obtained his interest as follows: In January, 1875, Young being insolvent, the Circuit Court of Cook County, upon a bill filed by Stebbins as one of his creditors, appointed one Luther Pierce receiver of Young's estate, and Young by its order conveyed to Pierce all his property for the benefit of his creditors. In September, 1876, that court, on the application of Pierce, granted an order for the sale of said property, among which were two claims against the railroad company, one for $600,000, and the other for $300,000. Pursuant to that order, said receiver advertised said claims, and in November, 1876, they were sold by him and bought by Stebbins, and a certificate therefor issued to the latter, and the sale reported to and confirmed by the court. The report showed that Young owned one third of said claims against the railroad company. In April, 1876, in the District Court of the United States for the Northern District of Illinois, Young was adjudged a bankrupt, and Pierce appointed assignee of his estate, and in March, 1877, Young was discharged. The bill alleged that "therefore all the right and claim said Young has to any of said claims against said railroad company or said

town of St. Anne has 'become vested in said John H. Stebbins."

The bill then alleged that Edward G. Judson was the equitable owner of all the interest of William D. Judson in all claims of Joseph E. Young & Co., against the town, by virtue of a written assignment, made by him in February, 1876, to secure the payment of a debt of $14,000, of all his interest, including his interest as a member of the firm of Joseph E. Young & Co., in all claims against the town; that William A. Tenney and Sutherland Tenney obtained their interests in the share of Amos Tenney in the assets of Joseph E. Young & Co., and the demand of that firm against the town, by virtue of a like assignment made by him to them in March, 1876, to secure the payment of a debt from him to them upon a guardianship account; and that therefore Stebbins, Edward G. Judson, William A. Tenney and Sutherland Tenney were now entitled to all the interest of Joseph E. Young & Co. in the claim against the town.

The bill further alleged that in November, 1877, the firm of Joseph E. Young & Co., in an action at law upon claims growing out of the construction of the railroad, recovered judgment against the railroad company for the sum of $588,556, and costs; that one third of that judgment equitably belonged to Stebbins, and the other two thirds belonged to William D. Judson and Amos Tenney; that in December, 1877 an execution was issued on that judgment and placed in the hands of a sheriff, and by him returned in no part satisfied; that the railroad company was in the hands of a receiver and was wholly insolvent, and had no property out of which to satisfy that judgment, or any part of it; and that no part of that judgment, or of the claim of Joseph E. Young & Co. against the railroad company, had been paid.

The bill finally alleged that the town was indebted as aforesaid to the railroad company, or to Joseph E. Young & Co. under their contract, in the sum of $30,000, and interest from the time of the delivery of the bonds in December, 1870.

The bill prayed for process and discovery; and that Stebbins, Edward G. Judson, William A. Tenney and Sutherland

Tenney be decreed to be the legal and equitable owners of the claim of Joseph E. Young & Co. against the town, and Stebbins be decreed to own one third of the judgment recovered as aforesaid against the railroad company, and William D. Judson and Amos Tenney the other two thirds of that judgment; that Stebbins be subrogated to the rights of Young in all his claims against the railroad company, and Stebbins and Edward G. Judson, William A. Tenney and Sutherland Tenney also be subrogated to all the rights and claims of the railroad company and of Joseph E. Young & Co. against the town; and that, inasmuch as all the bonds would have been due, and the rights of the plaintiffs and the obligations of the town were fixed, before the commencement of this suit, and inasmuch as the town, in equity, was now justly indebted upon its contract to pay the sum of $30,000, with interest, as above set forth, a decree for the amount so due be entered against the town, to be paid to Stebbins, Edward G. Judson, William A. Tenney and Sutherland Tenney, as the equitable assignees of Joseph E. Young & Co.; and for further relief.

A demurrer to the bill, for want of equity, for misjoinder of parties, and for multifariousness, was filed by the defendants, and was sustained for want of equity and the bill dismissed. The plaintiffs appealed to this court.

*Mr. Thomas S. McClelland* and *Mr. Robert Doyle* for appellants.

*Mr. L. E. Payson* for appellees.

Mr. JUSTICE GRAY delivered the opinion of the court.

After stating the facts as above reported, he continued:

The object of this bill is to compel the town of St. Anne to pay the amount of the bonds which the town issued to aid in the construction of the railroad, and delivered to Joseph E. Young & Co., the contractors for building the road, in accordance with the agreement between those contractors and the railroad company.

Assuming, without deciding, that the bonds were valid

obligations of the town, and that there is such a want of adequate remedy at law as to justify a resort to equity, nevertheless this bill cannot be maintained.

The bill, after many specific allegations, mostly of fact, but including some inferences of law not supported by the facts alleged, contains a general allegation that the town is indebted either to Joseph E. Young & Co. or to the railroad company in the amount of the bonds.

If, as would appear to be the result of all the allegations of the bill, the debt of the town upon the bonds was to Joseph E. Young & Co., the bill cannot be maintained without bringing before the court the owners of the interests of all the members of that partnership in the debt. This has not been done. The three partners were Joseph E. Young, William D. Judson and Amos Tenney. Said Judson and Tenney, as well as Edward G. Judson, William A. Tenney and Sutherland Tenney, the pledgees of their interests in the claim of their partnership against the town, are joined as plaintiffs. But the interest of Young in that claim is not represented. The sale and conveyance to Stebbins (the only other plaintiff) from Pierce, as the receiver of Young's estate under insolvency proceedings in the State court, included only Young's interest in claims against the railroad company. The interest of Young in the claim of the partnership against the town remained in Pierce, either as such receiver, or as assignee under the subsequent proceedings against Young under the bankrupt act of the United States; and neither Young nor Pierce is a party to the bill.

If the alternative view is taken, and it is assumed that there is a debt of the town to the railroad company, and that Stebbins, by his purchase of Young's interest in the claim of the partnership against that company, and by the judgment subsequently recovered by the partnership upon that claim, acquired the right, jointly with the two other partners, to compel the application of the sum due from the town to the railroad company in satisfaction of that judgment, another difficulty arises, namely, that Edward G. Judson, William A. Tenney and Sutherland Tenney, the pledgees of William D. Judson's

and Amos Tenney's interests in the claim of the partnership against the town, acquired no interest in the claim of the partnership against the railroad company, or in the judgment recovered upon that claim, and should not therefore be parties to this bill.

In fine, the whole interest in any claim of the partnership against the town was in Pierce, either as the receiver of Young's estate in insolvency, or as the assignee of his estate in bankruptcy, and in William D. Judson and his pledgee Edward G. Judson, and in Amos Tenney, and his pledgees William A. Tenney and Sutherland Tenney; and no part of that interest was in the plaintiff Stebbins. The whole interest in any claim of the partnership against the railroad company was in Stebbins, as assignee of Young's interest in this claim, and in William D. Judson and Amos Tenney; and no part of this interest was in the plaintiffs Edward G. Judson, William A. Tenney and Sutherland Tenney. Two alternative claims, each belonging to many persons, one of whom has no interest in one claim, and others of whom have no interest in the other claim, cannot be joined in one bill in equity.

*Decree affirmed.*