## Staunton.

### NEFF v. BAKER & TRIPLETT.

#### SEPTEMBER 23d, 1886.

1. EQUITABLE JURISDICTION AND RELIEF—*Grounds—Case at bar.*—An accurate classification of the subjects of equitable jurisdiction is difficult. But the familiar grounds may be stated as follows : Accident, mistake, relief against penalties, &c., accounts, discovery, trusts, avoiding illegal contracts, contribution, substitution, want of remedy at law, jurisdiction conferred by statute. The case at bar comes under none of these heads.

2. IDEM—*Remedy at law—Case at bar.*—When there is a plain and adequate remedy at law, equity has no jurisdiction. In the case at bar there was a plain and adequate remedy at law.

3. IDEM — *Purchasers for value without notice—Agreement—Case at bar.*—If, by the agreement, N. and B. could be regarded as partners, no insolvency is averred ; no claim is asserted against the firm, but only against B. By its terms, the wood was to be sold before N. was to be paid. It could not have been sold, if the sale had to be made under an alleged lien in favor of N. The sale was made, and the wood passed into the hands of purchasers for value without notice. The alleged lien could only be effective between N. and B. ; and it has been waived by N., if he had any lien, by his failure to assert it on the wood in B.'s hands. His remedy is against B. for the proceeds.

Appeal from decree of circuit court of Shenandoah county rendered September 12th, 1885, in a chancery cause in the style of S. Neff against Baker & Triplett. Defendants demurred to plaintiff's bill on the ground that it was without equity. The circuit court sustained the demurrer and dismissed the bill. Plaintiff appealed.

Opinion states the case.

*Calvert & Henkel,* for the appellant.

1. In addition to the fact that the *demurrer must admit the partnership set up in the bill,* appellant is full handed with proofs to show the existence of the partnership between Triplett & Baker; and specially to show that Triplett had direct, actual, personal notice and knowledge of the existence and contents of the agreement between Neff and Baker, and the lien reserved as a condition in the grant.

2. Because the bill was sustainable upon either of the following grounds:

*a.—As a bill for specific performance.*—1 Bart. Ch. Pr. 61; 4 Minor's Inst. 1105, 1107; *Coles* v. *Withers,* 33 Gratt. 192–7; *Hanna* v. *Wilson,* 3 Gratt. 232; *Hopkins* v. *Cockrell,* 2 Gratt. 89; *Kyle* v. *Roberts,* 6 Leigh, 495; *Clark* v. *Curtis,* 11 Leigh, 585.

*b.—As a bill for account.—Huff* v. *Thrash,* 75 Va. 547. Neff having charged in his bill that there were in the hands of the partners, Triplett & Baker, large quantities of the staves, &c., manufactured from the timber on which he had retained a lien—even if we were to admit (which we utterly deny), that Triplett was not bound for any of the amount due Neff—Neff certainly would have the right to call for an account, to show that so many of said staves as belonged to Baker were liable to be subjected for Neff's debt.

*c.—As a bill to enforce a trust.*—Was not Baker trustee for Neff of the staves made from the timber—and how could he, by his own wrongful act, destroy this relation, and yet participate in the profits arising from that destruction—whether he was a partner or a joint owner of the staves made from the timber? 75 Va. 546.

*d.—As a bill of injunction.*—To preserve the staves until the lumber should be paid for. It was the conversion of realty into personalty. 10 Gratt. 398.

· *e.*—*As a bill to enforce a lien*—of which Triplett had full and personal knowledge at the time he and Baker entered into their partnership. It was a lien reserved in the grant itself as a vendor's lien—a condition going with the grant—and did no more require recordation than did the grant itself. A vendor's lien in a deed is not dependent for its validity upon the recordation of the deed; if not, why should it be in an article of agreement? It was in the title paper, and the title could not have been looked to without seeing it.

*f.*—Because as a partner with Baker, Triplett was bound to know the title he and his partner had to the timber. Baker did not part with his interest in the timber; he merely admitted Triplett to share with him in it. The partnership took it *cum onere,* received the benefit of it, had on hand a quantity of the staves manufactured from the timber, and a bill to subject the assets of a dissolved partnership and enjoin their sale, except under the order of the court, was, we respectfully submit, clearly within the equitable jurisdiction of the court.

*H. C. Allen,* for the appellees.

LACY, J., delivered the opinion of the court.

The appellant filed his bill against the appellees to recover the amount of $621, due him for wood, staves, &c., sold by him to Baker, growing on the said appellant's land. This was by written agreement. Baker made a contract with Triplett to cut this timber on shares. The timber, wood, staves, &c., having been cut, and the same sold, and the proceeds divided between Baker & Triplett; Baker failing to pay Neff for the wood, staves, &c., Neff filed his bill to have recovery of the same, and to charge the wood with a lien reserved in his contract with Baker, and to have the transactions between Baker

and Triplett settled up by the court, to ascertain and subject Baker's share to his debt. The bill is demurred to upon the ground that the remedy sought is plain and adequate at law, and not cognizable in a court of equity. The circuit court sustained the demurrer, and dismissed the bill with costs. From this decree the appellant, Neff, applied for, and obtained an appeal to this court.

It is said by eminent authority that an accurate classification of the subjects of equitable jurisdiction is a matter of acknowledged difficulty. Lord Redesdale once said: "It is not a very easy task to describe the jurisdiction of our courts of equity; those who have attempted it have generally failed." The familiar grounds of equitable jurisdiction may be stated, however, as follows: Accidents, mistakes, relief against penalties, &c., accounts, fraud, discovery, trusts, specific performance, injunctions, avoiding illegal contracts, contributions, substitution, want of remedy at law, jurisdiction conferred by statute.

It is claimed that an *account* is sought by the bill between the alleged partners, Baker & Triplett. This is a well-recognized ground for equitable jurisdiction, for the law court regards partners as one person, and will not interfere between them. But if these parties can be regarded as partners, they are not alleged to be insolvent; no debt has been established against them, and no debt is asserted against them as such; the claim is against one only.

It does not appear that a judgment at law would be unavailing. In that court the remedy is plain and adequate, and that court is the proper forum to assert the claim by action at law. By the terms of the Neff and Baker agreement, the wood was to be sold before Neff was to be paid, which would have been impossible if the sale had been made under restraint of the alleged lien for Neff's benefit. The wood has been sold, and has passed into the hands of purchasers without notice.

This lien could be effective only as between Neff and Baker, and Neff's lien, if any, has been waived by his failure to assert it against the wood in the hands of Baker, and his remedy is against Baker for the proceeds. This claim for $621 against Baker is one which can readily and ought to be asserted in a court of law. The jurisdiction of the law court in the premises and the remedy are adequate, and it does not come within any recognized subject of equity jurisdiction. Judge Moncure says, in *Goolsby* v. *St. John*, 25 Gratt., that "there is no better settled proposition than that, as a *general rule*, when a party has an adequate remedy at law, he has none in equity." And we may observe that there are many subjects common to both courts, and although the law courts should assert and exercise jurisdiction in any subject cognizable in equity, the jurisdiction of equity would remain; for the jurisdiction of that court is not affected by the action of the other court. But this action does not come under any known rule of equity jurisdiction, and it cannot be heard in this court upon the ground that the remedy at law is inadequate. The remedy at law is plain and adequate, and the jurisdiction is wanting in the court of equity.

The demurrer, for this reason, was properly sustained, and the bill dismissed, and the decree complained of must be affirmed.

DECREE AFFIRMED.