# CHARLESTON.

## GAY, ADMINISTRATOR *v.* SKEEN *et al.*

(HOLT, J. absent.)

Submitted January 25, 1892.—Decided April 23, 1892.

1. EXECUTOR—LIEN—EXECUTION.

A conditional decree, directing an executor to pay certain debts due by his testator's estate, or due from him in his fiduciary capacity, when he shall have collected certain other specified claims or debts coming to his testator's estate, constitutes no lien upon the real estate of such executor. Neither could execution be issued thereon and enforced against him without further proceedings in the cause wherein such decree has been rendered; nor will a bill in chancery be maintained to enforce the lien of such decree against the real estate of such executor.

2. DEMURRER—BILL IN CHANCERY—EQUITY PLEADING.

Where a bill in equity sets forth various claims by distinct and separate paragraphs, and the defendant files a general demurrer, such demurrer will be overruled if any of the claims be proper for the jurisdiction and cognizance of the court in that form of proceeding; but when there is a demurrer to the whole bill, and

also specifically to each of the several claims set out therein, and a part of those claims so demurred to are of such a character as to. authorize no relief in such a suit, the court should sustain the demurrer in part, and should dismiss so much of the bill as seeks relief in reference to matters adjudged bad, and overrule the demurrer as to the residue, and give a rule against the defendant to answer the bill as to such residue.

*R. S. Turk* for appellant cited 27 W. Va. 662 ; Id. 702 ; 4 Gratt. 187 ; Code, c. 133, s. 28 ; 1 Johns. 57.

*H. S. Rucker* for appellee cited 7 W. Va. 153 ; 16 W. Va. 709 ; 32 W. Va. 239 ; 33 W. Va. 310 ; Sto. Eq. Pl. § 688 ; 11 W. Va. 482 ; 29 W. Va. 201 ; 26 W. Va. 778 ; 16 W. Va. 787 ; 9 W. Va. 680 ; 11 W. Va. 113 ; 29 W Va. 659 ; 31 W. Va. 351 ; Code (1887) c. 85, s. 4 ; Id. c. 77, s. 22 ; 12 Am. & Eng. Ency. Law. 147, J. K. note 1 ; 22 W. Va. 570 ; Freem. Judgts, § 229 ; 27 W. Va. 385 ; Id. 220 ; 24 W. Va. 524, 540, 541 ; 21 W. Va. 262 ; 33 W. Va. 159, 165 ; 32 W. Va. 585 ; 24 W. Va. 283 ; 75 Va. 87 ; 4 Leigh 230 ; 8 Gratt, 298 ; Sto. Eq. Pl. §§ 429, 432 ; Ad. Eq. 415 ; 5 Am. & Eng. Ency. Law 390 ; 2 Bar. Ch'y Pr. § 264 ; 4 Min. Inst. 1138 ; 1 Bar. Ch'y Pr. 483 ; 22 W. Va. 697 ; 12 W. Va. 1 ; Id. 607 ; 4 Gratt. 208 ; 15 W. Va. 804 ; 21 W. Va. 291.

LUCAS, PRESIDENT :

At the February rules, 1888, in the Circuit Court of Pocahontas county, Levi Gay, as the administrator of Martha J. Canter, and as the administrator of John L. Lockridge and others, deceased persons, filed his bill against appellant to enforce judgment-liens. On the 4th day of April, 1888, the cause was referred to Commissioner McClintic for an account. Appellant appeared, and by an order he was allowed to file his plea and demurrer, and on his motion the cause was removed to the Circuit Court of Kanawha, Judge HOLT, the then judge, being a party to said suit. Prior to removing the said suit as aforesaid, Commissioner McClintic filed a report. Exceptions were taken to this report by appellant. On the 17th day of April, 1889, the Circuit Court of Kanawha county returned the cause to the Circuit Court of Pocahontas county. At the October term, 1889, the Circuit Court of Pocahontas,

without passing on the plea or demurrer of appellant, ordered him to answer forthwith, which he did. The court then immediately proceeded to overrule the exceptions of appellant to the commissioner's report, and to fix the liens, and decree a sale. Very shortly thereafter appellant filed a bill of review in the cause, and for error therein shown the said decree of sale was set aside, and the cause, on the 9th of April, 1890, was recommitted to Commissioner McClintic, and he thereafter filed a second report. Exceptions were taken by appellant to this report. The said Circuit Court, however, by a decree entered at the October term, 1890, overruled said exceptions and confirmed the report, fixed and declared certain claims to be liens on appellant's lands, and directed a sale of said lands to pay the same.

The first error assigned is that the court entertained a bill to sell the land of the appellant to enforce a decree of the Circuit Court of said county while a bill of review was pending, as is alleged, in the same court to review and reverse the decree sought to be enforced. There is nothing in this assignment, from the simple fact that there is not a scintilla of evidence anywhere in the record tending to show the existence of any such bill of review. A bill of review can only be filed by leave of the court, and, if any order had been of record showing the filing of such a bill by leave of court, we may take it for granted that it would have been produced and exhibited, and in its absence the court below did not commit any error in disregarding the allegation of its existence, whether made by plea or answer.

The second error assigned is that the Circuit Court failed to pass on the defendant's demurrer to the bill. The demurrer was both general and also particular; that is to say, it was in terms leveled at several particular claims, which are set out in the bill in separate and distinct form. If the court below had refused to act on the demurrer, and required the plaintiff to answer, although such proceedings were erroneous, nevertheless, if we could distinctly see that the bill was unobjectionable, and that no injury had resulted to the appellant, we would not reverse the decree complain-

ed of. But upon examining the bill we find it divided into paragraphs, numbered from one to twenty eight and embracing sundry claims, easily severable, and distinct in their origin and nature. One of these is described in paragraph nine, in which it is alleged that the plaintiff, as administrator of John L. Lockridge, had obtained a decree against the defendant William Skeen, executor of Lantry Lockridge, for two hundred and three dollars and forty three cents, and there is exhibited with the bill, and made a part thereof, said decree. Upon turning to this exhibit, which is marked "No. 19" we find that the decree was against William Skeen, not in his individual capacity, but as executor of said Lanty Lockridge, and to be paid out of the assets of his testator, which assets were apparently in course of collection in another chancery cause of *J. C. Hutton, et al.* v. *James T. Loekridge et als.*

It is not necessary to decide in this case whether a decree against an executor, directing him to pay a balance found due on the settlement of his accounts, and for which he is liable *de bonis propriis*, becomes a lien upon his real estate, which may be enforced like the lien of any other personal judgment. Whatever might be the law in such a case as that, it is quite certain that a conditional decree directing an executor to pay certain debts due by his testator, or due from him in his fiduciary capacity, when he shall have collected certain other claims or debts coming to his testator's estate, is no lien upon the real estate of such executor; neither could execution be issued thereon, and enforced against him without further proceedings in the case, and in the court where such decree has been rendered.

In the case of *Rickard* v. *Schley*, 27 W. Va. 617, it was held that "a decree against a general receiver, requiring him to pay out of funds then in the hands of the general receiver, to a party to the cause in which the decree is rendered, a certain sum on a named future day, has the effect of a judgment for such sum of money, with interest from the day on which it is to be paid, with a stay of execution till that day, and is a lien on the lands of such general receiver, and a person entitled to the benefit of such decree or order is to be deemed a judgment creditor, and may en-

force his lien as other judgment creditors, by a suit in equity."

It might well be argued that a similar decree against any other fiduciary, such as an executor or an administrator, would be embraced in the reasoning and principle decided in *Rickard* v. *Schley*. But it is necessary to observe that the decree or order must be based upon a fund "then in the hands of the" receiver or other fiduciary at the time the decree is entered. This is quite obvious upon a consideration of the facts of the case, and the language of the opinion of Judge GREEN on page 630, in which he says: "Such an order on an officer of the court to pay money to certain persons at a fixed future time out of funds in his hands when the order is made, is, under our statute, in its effect equivalent to a judgment, with a stay of execution till such fixed future day."

Precisely the same point was ruled in the case which Judge GREEN was following, and approving, *Lee* v. *Swepson*, 76 Va. 173. In the latter case the order was for the commissioner to pay money "out of the funds reported in his hands," and this was regarded as a personal decree against the commissioner, and a judgment for money fixing a lien upon his real estate. In the latter case the words which we have quoted above from the opinion of Judge STAPLES are italicized in the syllabus, thus showing their importance in construing the principle intended to be settled, namely, that when an officer of the court is directed to pay out of a fund then in his hands certain debts, this order becomes a lien as a judgment against the real estate of such officer in favor of such creditors as he has been directed to pay.

This is as far as the cases have ever gone under sections one, two, and five of chapter 139 of our Code, or the Code of Virginia, which is similar. All that we are required to decide in the present case, and all that we do decide, is that a decree against an executor, directing him to collect certain debts coming to the estate of his testator, and apply them, when collected, to discharge certain specified debt or debts due from the estate, does not fix a lien as a judgment against the real estate of such executor.

On further examination of the bill, we find that para-

graphs 11, 12, and 13 set out claims founded upon a simi-lar decree in favor of the plaintiff as administrator of Pat-sey Sevey, Peggy Sevey, Rachael Gay, and Lucinda Jor-dan, as ascertained by decree in the case of *James Sharp's Executor, etc.* v. *James Sharp's Legatees, etc.*, and we are re-ferred to Exhibits Nos. 22 and 23, *etc.*; and upon examining these exhibits we find that only part of the claim, to wit, the sum of two hundred and seventy seven dollars and seventy five cents is decreed against said William Skeen personally as executor, found due upon settlement of his accounts as such, while sundry other large sums—one for nine hundred and eighty dollars and seventy nine cents, and another of nine hundred and sixty five dollars and ninety one cents—are sums which said executor is to col-lect from two separate and distinct sources, and, when so collected, he is to pay them over to certain other parties in certain distributable proportions, and among such parties are the plaintiff's intestates, for whom he is prosecuting this suit. The bill alleges that the said sum of nine hun-dred and eighty dollars and seventy nine cents has been collected by the said Skeen, and that he has failed to pay it over; and it is claimed that he has thereby become in-debted to the distributees to that extent.

This may be all true, but such indebtedness is not a lien upon the realty of the defendant, and, as general creditors only, the plaintiff's intestates, were they living, could not maintain this suit; neither can he, as to these claims, main-tain it, as their personal representative. It would appear, therefore, that the only capacity in which the plaintiff can maintain this suit is as administrator of Martha J. Canter, deceased, and to a small amount as administrator of the Seveys, *etc.*; or, at all events, that he has put forward in his bill several claims upon which he can not proceed, and is not entitled to any relief in the proceeding which he has instituted.

Now, it will be observed that the demurrer of the defend-ant makes eleven specific objections to the various claims set out in the several paragraphs of the bill, and, among others, calls particular attention to the fact that neither Peggy Sevey nor Patsy Sevey nor Rachael Gay nor Lu-

cinda Jordan have any decree against the defendant which would operate as a lien against his lands.

Under this state of the case, the Circuit Court should have considered the demurrer and sustained it so far as these demands were improperly set out as liens. Where a bill in equity sets forth various claims, and the defendant files a general demurrer, the demurrer will be overruled if any of the claims be proper for the jurisdiction and cognizance of the court in that form of proceeding; but when there is a demurrer to the whole bill, and also to each of the severable claims set out therein, and a part of those claims so demurred to are of such a character as to authorize no relief in such a suit, the court should sustain the demurrer in part, and should dismiss so much of the bill as seeks relief in reference to matters adjudged bad, and overrule the demurrer as to the residue, and give a rule against the defendant to answer the bill as to such residue. 1 Bart. Ch. Pr. 346, 347; *Powder Co.* v. *Powder Works*, 98 U. S. 126; *Castleman* v. *Veitch*, 3 Rand. (Va.) 598.

Having decided, therefore, that the Circuit Court erred in not eliminating from the bills such claims as were bad on demurrer, it is not necessary to decide upon those errors which are alleged to exist in the further proceedings and actions of the court.

We may remark, however, that the commissioner very naturally reported these defective claims as liens, referring as evidence to exhibits filed with the bill, thus citing the action of the court in not sustaining the demurrer to the bill as the ground upon which he allows these improper claims. Upon examining his report last made, and which was finally acted upon, it will be found that these improper debts are collected in a third class, and aggregate a very large sum—so large a one that, if stricken out, as they ought to have been, and after collecting and applying the debts of Holt and Matthews and Marshall, there would not have remained a very large lien, if any, against the land of the defendant. When the case goes back the Circuit Court will, of course, carefully examine this matter, and, should it become necessary to sell any land, a particular tract should be selected, and the whole should not be sub-

jected to sale, nor should this matter be left to the discretion of the special commissioner.

It is alleged as error that a receiver was appointed to collect certain funds. . If such appointment were erroneous, I do not think it error of which the appellant can complain. In his prayer for *supersedeas* he only prays to have so much of the final decree superseded as directs the special commissioner to sell his land. Under the *supersedeas* granted the court below has not felt itself restrained from having the fund collected which the special receiver had been directed to collect, and from the supplemental record it appears that he has collected nearly if not quite all of said outstanding debt and applied it properly, and therefore we do not consider that the appellant has been injured or has anything to complain of, especially when we remember that he is not prosecuting this appeal as executor but in his individual capacity.

The assignment in regard to allowing two hundred dollars as a fee to H. S. Rucker as attorney for plaintiff is not well taken, as it is quite apparent that the fee will fall in distributive proportions upon the plaintiffs, and defendant is in no wise injured by or interested in the matter.

For the errors above stated the decree of the Circuit Court must be reversed, and the cause remanded for further proceedings.

REVERSED. REMANDED.