# WHEELING.

DAY *v.* THE NATIONAL MUTUAL BUILDING AND LOAN ASSOCIATION.

Submitted February 13, 1903.    Decided June 6, 1903.

1. ACTIONS.
   Independent, inconsistent and repugnant causes of action sufficient in themselves separately cannot be joined together in the same bill in chancery.  (p. 552).

2. BUILDING AND LOAN Co.—*Action.*
   If a borrower of a Building Association files a bill for the purpose of having his stock in such association treated as illegal and void and the loan made him as usurious, and to have his obligations to such association cancelled and annulled, and at the same time asks that he be treated as a shareholder with the privilege of calling upon the officers and managers of the association to account for the mismanagement of the association under its by-laws, and having its business finally wound up and its property distributed, such bill is multifarious for misjoinder of separate and distinct causes of suit inconsistent in their nature and will be dismissed.  (p. 553).

3. DEBTOR—*Action.*
   One who occupies the position of being a mere debtor of a building association cannot maintain a bill to wind up its affairs and distribute its assets.  (p. 554).

Appeal from the Circuit Court, Cabell County.

Action by Robert L. Day against National Mutual Building & Loan Association. Decree for plaintiff, and defendant appeals.

*Reversed and Dismissed.*

Vinson & Thompson and Jefferson Bryant, for appellees.

Harvey & Hutchinson, and Brown, Jackson & Knight, for appellants.

Dent, Judge:

The National Building and Loan Association of New York appeals from a decree of the circuit court of Cabell County overruling its demurrer to the bill and appointing a receiver to take charge of and manage its property and business at the instance of Robert L. Day. Day filed his bill in chancery against the said association containing among other things the following allegations:

First. That the plaintiff subscribed seventeen shares of stock of the association, which was a mere money lender, and borrowed from it seventeen hundred dollars, being the par value of such stock advanced, and executed two several deeds of trust to secure the same; that in accordance with the by-laws of such association he had paid in at various times $1,720.00, which he claims should be credited on such loan, and if there is any balance, he is ready and willing to pay the same when properly ascertained; that the association claims a balance of $1,461.46; that the whole transaction is usurious and for various reasons set forth in the bill is illegal, and his subscription to the stock was procured by false representations, and asks that he be treated as a mere borrower, the usury expunged from his indebtedness, the true balance be ascertained and determined, his deeds canceled, and the association be enjoined from making sale of his property.

Second. As a stockholder of the association he alleges that the business of the association is being corruptly mismanaged by the officers and directors thereof in their own private interests, to the injury of the stockholders, and that the association has been rendered insolvent thereby, and has ceased to do and per-

form its legitimate functions, but is carried on solely for the benefit of the officers, managers and their friends in total disregard of the interest of the shareholders and the borrowers, and prays that a receiver be appointed to take charge of the affairs of the association and manage them in the interests of the shareholders.

The defendant demurred to the bill. The demurrer was overruled and on motion of the plaintiff the court appointed a temporary receiver. The defendant filed its answer and exhibits, and the court at the hearing made such receivership permanent.

The first question that presents itself is as to whether such a bill is maintainable. Can a person repudiate his subscription of shares to an alleged building association, and ask that it be treated as a money lender, and he as a borrower, because of misrepresentation, fraud and usury, and in the same breath claim to be a shareholder, charge fraudulent mismanagement on the part of the officers and managers even to insolvency, and have a receiver appointed to take charge of and manage the business of the association in the interests of the shareholders?

Equity will not entertain a bill containing such inconsistent allegations, and so repugnant to each other. If the plaintiff is a borrower and the defendant a money-lender and plaintiff's subscription to the stock is void because obtained upon false representations, then the plaintiff cannot be treated as a shareholder, and be permitted to ask for a receiver to take charge of and wind up the affairs of the defendant. A bill is fatally defective for multifariousness and misjoinder when it unites two separate, distinct and repugnant causes of action against a defendant either of which standing by itself would be a good cause of action. As a debtor, plaintiff may attack his loan as usurious, and the by-laws of defendant as illegal and void, but as a shareholder, he must accept such by-laws and be governed thereby. As a debtor he can sue the association alone; as a shareholder he must make the officers and shareholders parties formal or informal to such suit. As a debtor his interests are opposed to those of the shareholders; as a shareholder his interests conflict with his position as a debtor. The defence of the association as a mere money-lender is very different

from that it must present when charged by a shareholder with mismanagement. The defences are incompatable and have no necessary connection with each other. In the case of *Guano Co.* v. *Heatherly,* 40 W. Va. 410, this Court held:

"The bill may be framed with a double aspect and ask relief in the alternative, but the state of facts on which such relief is prayed must not be inconsistent."

"The bill must not be multifarious—that is, two distinct grounds of equitable relief even between the same parties are not to be joined in one bill."

A bill to rescind or annul a contract for fraud or illegality and to enforce the same and require an accounting thereunder is fatally defective. 14 En. Plead. & Prac. 205; *Wilkinson* v. *Dobbie,* 12 Blatch. 298; *Cherokee Nation* v. *Southern Kansas Railroad,* 135 U. S. 641; *St. Louis R. R. Co.* v. *Terre Haute R. R. Co.,* 33 Fed. Rep. 440; *Shields* v. *Barrow,* 17 How. 144.

A bill which prays the rescission of contracts of subscription to corporate stock, and also seeks to call the corporate officers to account to the complainants as stockholders is multifarious. *Brown* v. *Bedford City Land Co.,* 91 Va. 31. In the latter case it is held that "Stockholders who come into a court of equity and seek to have their contracts of subscription rescinded on the ground that they were fraudulently obtained, cannot in the same bill complain of the malfeasance or misfeasance of the corporate directors in the management of the corporate property, and seek relief which rests upon their relation as stockholders of the defendant company. Such relief must be considered a distinct act of affirmance and ratification of the very transaction which they in another part of their bill sought to repudiate. *Yenton* v. *Lenox,* 9 Peters, 123; Pomeroy's Eq. Jur., section 268. "A plaintiff cannot in one portion of a bill, sue on behalf of himself and all the other members of the company, and by another portion seek to establish a demand against the company." 1 Daniel's Pl. & Pr. 242. Antagonistic causes of action cannot be set up in the same bill. Story's Eq. Pleadings, section 271; *Haggard* v. *Dillon,* 34 Fed. Rep. 485; *Walker* v. *Powers,* 104 U. S. 245; *Stebbens* v. *St. Hume,* 116 U. S. 386; *Hartford Fire Ins. Co.* v. *Bonner M. Co.,* 44 Fed. Rep. 151.

The relief sought by plaintiff for himself is antagonistic

to and inconsistent with the relief sought by him for others, and hence the two matters are incompatable. The same rule hold goods in suits to impeach wills. *Dower* v. *Church,* 21 W. Va. 23; *Couch* v. *Eastman,* 27 W. Va. 796; *Kerr* v. *Lunsford,* 31 W. Va. 659.

The bill in this case is plainly multifarious. When the case was formerly determined, an effort was made to hold that the plaintiff was purely a debtor to the association and not entitled to file a bill to settle the affairs of the association, and that that portion thereof was mere surplusage, and should be disregarded and the bill entertained, following *Morgan* v. *Morgan,* 42 W. Va. 542; *Gay* v. *Skeen,* 36 W. Va. 582. This was done under the doctrine that when a shareholder became a borrower to the full par value of his stock and surrendered his tock to the association, he was no longer a shareholder, nor entitled to share in its profits and losses. Thornton and Black-ledge on Building Associations, section 378; Endlich on Build-ing Associations section 517; *Bowker* v. *Mill River Loan Fund Association,* 7 Allen 100; *Overby* v. *Fayette Building and Loan Association,* 81 N. C. 56; *Gilbert* v. *Association,* 23 Grat. 787; *White* v. *Mechanics' Building Fund Association,* 22 Grat. 233. This doctrine is really foreign to the purpose of building associations, and tends to destroy their character as such. For so long as a borrower is interested in the earnings of the asso-ciation and entitled to a *pro rata* distribution thereof as a credit on his stock or dues, he must be rated as a member. An examination of the defendant's by-laws filed with a bill show that plaintiff's stock was only pledged as collateral secur-ity for his loan, and it was not to be deemed cancelled until "the amount in the loan fund to the credit of such shares con-sisting of monthly dues and profits apportioned to such shares, shall equal the face value of the shares." Hence the plaintiff until the shares pledged by him were finally cancelled, was interested as a shareholder in the business of such association, and entitled on proper showing to file a bill to have the affairs of the association wound up and settled under the direction of a court of equity. Thornton & Blackledge B. & A. As., section 393; 7 Thomp. Corp., sections 8772, 8773; *Lister* v. *Log Cabin Asso.,* 38 Md. 115; Ede Build. Asso., 123; 5 Am. & Eng. Dec. in Equity, section 123; *Young* v. *Building Asso.,* 48 W. Va.

520; *Edelon* v. *Pascoe,* 22 Grat. 826; *Cason* v. *Seldner,* 77 Va. 293; Code, chapter 53, section 58.

Such being the law, the court cannot avoid the effect of the bill being multifarious. The plaintiff sets out two wholly distinct and repugnant causes of action. In one of which he claims that the defendant is an illegal corporation, doing business illegally, with by-laws invalid, and asks that his subscription be treated as null and void and his debt as usurious. In the other he claims to be a shareholder, subject to the by-laws and entitled to their benefit, with the right to call the association's officers and managers to account thereunder. Which one of these causes of action he will prosecute, it is for him to decide. Equity will not decide, nor will it permit him to set them both up in the same bill.

The decrees will therefore be reversed, the receiver be discharged, the demurrer sustained, and the bill dismissed without prejudice to any proper suit the plaintiff may be advised to bring touching either or any of the causes of action set forth in his bill.

<em>Reversed and Dismissed.</em>