## JOHNSON *v.* HARRISON.

1. BANKRUPTCY—PREFERENTIAL PAYMENTS—RECOVERY BY TRUSTEE —CONSPIRACY—FRAUD—ACCOUNTING.

A trustee in bankruptcy of a corporation may maintain a bill in equity to reach property fraudulently conveyed and for an accounting, because of the absence of an adequate remedy at law, where officers and directors of the bankrupt have fraudulently conspired with a bank to have notes due the bank of which they were accommodation makers, sureties or indorsers, canceled and paid in preference to the claim of other creditors, since there could be a recovery of only a sum sufficient to satisfy the claim, and in equity alone such an amount can be reached and marshaled in liquidation of claims.

2. EQUITY—PLEADING—MULTIFARIOUSNESS.

> A bill by a trustee in bankruptcy of a corporation against the officers and directors of the bankrupt and a creditor to reach property fraudulently conveyed under a conspiracy with the creditor, to have notes of the bank due the creditor on which such officers were accommodation makers, sureties or indorsers, canceled and paid in preference to the claims of other creditors, was not multifarious, where the grounds of liability all reached the same subject-matter, and were in no way distinct from each other, and the defendants were all connected in interest and liable in the one subject.

Appeal from Gratiot; Searl, J. Submitted October 11, 1917. (Docket No. 86.) Decided December 27, 1917.

Bill by D. Lloyd Johnson, trustee in bankruptcy of the St. Louis Chemical Company, against David E. Harrison and others to recover preferential payments. From an order denying a motion to dismiss, defendants appeal. Affirmed.

*William A. Bahlke* (*Edwin H. Lyon*, of counsel), for plaintiff.

*George P. Stone* and *L. C. Palmer* (*George E. Nichols* and *Romaine Clark*, of counsel), for defendants.

KUHN, C. J. This is an appeal from an order overruling the demurrers filed by the defendants and denying the subsequent motion to dismiss the bill covering the same ground, but entered by reason of the judicature act (Act No. 314, Pub. Acts 1915, 3 Comp. Laws 1915, § 12004 *et seq.*).

A bill of complaint was filed to recover preferential payments made to the defendants by the St. Louis Chemical Company, an adjudged bankrupt under the general bankruptcy act, to reach property fraudulently conveyed by the bankrupt to the defendants, and for

an accounting and other relief. It is charged that the defendants, as officers and directors of the bankrupt, and their agents, fraudulently and dishonestly conspired and confederated together to prefer themselves as creditors of the bankrupt at a time within the four-month period, and while the bankrupt was insolvent within the provisions of the bankruptcy act of 1898 and the amendments thereto (U. S. Comp. Stat. 1916, §§ 9585-9656), and that it was intended by the said payments to give unlawful preferential payments to said directors and officers of the bankrupt within the meaning of the act relating to bankruptcy through the cancellation of the notes of the bankrupt set forth in the bill, on which the said defendants were accommodation makers, sureties, or indorsers. It is also alleged that other property was in like manner transferred and appropriated, and that all of said transfers of property and payments were unlawful and in fraud of all other creditors of the bankrupt within the meaning of the act of congress relating to bankruptcy. It is also charged that the defendants combined and confederated together to assist said bankrupt to transfer and conceal its property in payment of the indebtedness owing by the bankrupt to said defendants, and that the Gratiot County State Bank, with full knowledge and notice of such purpose, received and acted as depository of such money of said bankrupt with the intent and purpose on its part to pay itself on notes of the bankrupt held by it and assist and enable said bankrupt and the said defendants, officers and directors thereof, to carry out and execute its fraudulent scheme and purpose in preferring themselves and said bank as creditors, in fraud of the unsecured creditors of the bankrupt, and in violation of the terms and provisions of the general bankruptcy law. The total amount of claims that have been proven against the bankrupt amount to $15,486.13, and the total amount

of money charged and itemized as having been appropriated to preferential payments through the conspiracy is $19,032.18. The prayer for relief is that the defendants may answer under oath, for discovery, for an accounting, and for such other relief as equity may require.

Counsel for appellants narrows the issue in his reply brief by the following statement:

"I agree with counsel that his statement is correct, where he says:

"'The important question before the court is simply this: Does the bill of complaint set forth or charge a liability on the part of the defendants for which the plaintiff is entitled to recover? If so, can the recovery be had in equity?'

"As to the first question, I am willing to admit that if such conspiracy as set forth was entered into, and the money of the bankrupt was thus used in making preferential payments, that a right of action exists under the statements in the bill, not by reason of the bankruptcy law or section 60b, but by reason of the conspiracy that, assuming the allegations of the bill to be true, that the plaintiff, as trustee of the creditors of the chemical company of the money so dissipated amounting to $19,032.18. On the other hand, in answering the second question, I submit that equity under the facts alleged in this bill has no jurisdiction and that the plaintiff has a full, complete and adequate remedy at law. So that the issue in this case gets back to the one and sole proposition: Is the chancery side of the court the proper forum for the adjudication of the questions of fact alleged in the bill upon which the plaintiff bases his right of recovery?"

The case of *Detroit Trust Co.* v. *National Bank*, 155 Mich. 65 (118 N. W. 729), is relied upon in support of the contention that the plaintiff has a full, complete, and adequate remedy at law. This court there said:

"In this State equity has not taken jurisdiction of

cases where a suitor has a full, complete, and adequate remedy at law, unless it is shown that there is some feature of the case peculiarly within the province of a court of equity."

The question then is: Does this case, as made by the bill, show a situation which brings it peculiarly within the jurisdiction of equity? The solution of this question is not without difficulty, and it must be said that the case is brought close to the border line by the rulings of this court in the cases of *Laubengayer* v. *Rohde,* 167 Mich. 605 (133 N. W. 535); *Excelsior Wrapper Co.* v. *Yund,* 176 Mich. 372 (142 N. W. 353, 47 L. R. A. [N. S.] 179, Am. & Eng. Ann. Cas. 1915B, 594); *Berger* v. *Roe,* 179 Mich. 184 (146 N. W. 200); *Reis* v. *Applebaum,* 182 Mich. 582 (148 N. W. 696); *Lannin* v. *Lynn,* 184 Mich. 325 (151 N. W. 645). The feature which is appealing to us, and which in our opinion brings it within equitable jurisdiction, is the fact that the plaintiff is entitled to no more from these defendants than is sufficient to satisfy the claim, and that in equity alone such an amount can be reached and marshaled in liquidation of the claims. In effect, by this equitable proceeding the plaintiff is seeking to treat all the defendants fairly and to equitably distribute the liability among them, if the allegations of the bill are sustained by the proofs. In our opinion, an action at law cannot fairly adjust these equities and claims, and it therefore does not afford a full, complete, and adequate remedy between the parties.

We do not think that the bill is multifarious, as the grounds of liability all reach the same subject-matter and are in no way distinct from each other, the defendants are all connected in interest and liable in the one subject. A somewhat similar case arose in West Virginia (*Arnold* v. *Knapp,* 75 W. Va. 804 [84 S. E.

895]), where the court had before it the question of equity jurisdiction, and also multifariousness. It was there said:

"Besides, substitution and subrogation sought by the bill are the peculiar subjects of equity cognizance. *Neff* v. *Baker*, 82 Va. 401 [4 S. E. 620]; *Haffey's Heirs* v. *Birchetts*, 11 Leigh [Va.], 83; *McNeil* v. *Miller*, 29 W. Va. 480 [2 S. E. 335]; *Blair* v. *Mounts*, 41 W. Va. 706 [24 S. E. 620]; *Simmons* v. *Lyle's Adm'r*, 32 Grat. [Va.] 752. These features of the bill distinguish it from *Maxwell* v. *Davis Trust Co.*, 69 W. Va. 276 [71 S. E. 270], relied on. That case simply holds there is no jurisdiction in equity at the suit of a trustee in bankruptcy against a creditor to recover preferential payments made in violation of the national act of bankruptcy, with no ground of equitable jurisdiction alleged. If right of substitution or subrogation or other grounds exist in allegation and proof of course equity would have jurisdiction to convene the several lienors and enforce the lien to which plaintiff is entitled to be subrogated.

"But is the bill bad for multifariousness? We do not think it is. The statement of its objects and purposes shows that while the claim of plaintiff against Knapp is made up of several demands, some for subrogation, others not, all are recoverable for the creditors of the bankruptcy estate, and chargeable against his interest in the land in which the money paid him was invested, and that the interests of all defendants are so involved in the relief sought against him as to render it improper to proceed in their absence. To render a bill multifarious the different grounds of the suit must be wholly distinct from each other, and each ground stated in the bill must be sufficient in itself as a subject of equity jurisdiction. Hogg's Eq. Proc. §§ 136a and 136b. And as said by Mr. Hogg in this connection: 'The objection of multifariousness in a bill may be disregarded except in plain cases, whereby the administration of justice will be furthered and multiplicity of suits avoided.' *Id.* § 136; *Johnson* v. *Sanger*, 49 W. Va. 405 [38 S. E. 645]. A good illustration of bills properly regarded multifarious is found in *Turk* v. *Hevener*, 49 W. Va. 204 [38 S. E.

476]. In the case here there is no such uniting of several and distinct matters distinct in their nature, against several defendants, unconnected in interest and liability, as to properly stamp the bill multifarious, as in *Crickard* v. *Crouch,* 41 W. Va. 503 [23 S. E. 727] ; *Moore* v. *McNutt,* 41 W. Va. 695 [24 S. E. 682] ; *Day* v. *Building & Loan Ass'n,* 53 W. Va. 550 [44 S. E. 779], and other cases cited and relied on by appellants. We think those cases inapplicable, and overrule the point."

We are of the opinion that the trial judge acted properly in overruling the motion to dismiss, and his order to that effect is affirmed, with costs to the plaintiff.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.