## UNION GUARDIAN TRUST CO. *v.* AYERS.

EQUITY—JURISDICTION—TRUSTEE IN BANKRUPTCY—STOCK SUBSCRIPTIONS.

Equity has jurisdiction to entertain bill by corporation's trustee in bankruptcy to recover on unpaid stock subscriptions enough to satisfy debts and at the same time make such an adjustment of the liability of each subscriber, which is directly connected with that of the others, as is not possible in an action at law, where some subscribers have paid in full, others in part and some nothing.

Appeal from Wayne; Moll (Lester S.), J. Submitted October 5, 1933. (Docket No. 31, Calendar No. 37,371.) Decided December 19, 1933.

Bill by Union Guardian Trust Company, a Michigan corporation, as trustee in bankruptcy of Union League Building Corporation, against Clarence L. Ayers and others to recover unpaid stock subscriptions. From order dismissing bill as to defendants Ayers and Cole, plaintiff appeals. Reversed.

*Joslyn, Joslyn & Joslyn,* for plaintiff.

*George E. Leonard* and *Harry F. Johnson* (*Fred H. Aldrich* and *Wilber M. Brucker,* of counsel), for defendants Ayers and Cole.

McDONALD, C. J. This bill was filed by the plaintiff, as trustee of the Union League Building Corporation, a bankrupt, to recover unpaid stock subscriptions or such proportion thereof as may be required to pay the debts of the corporation.

The only defendants interested in the appeal are Clarence L. Ayers and Walter C. Cole. They filed motions to dismiss the bill. The court granted them and the plaintiff appealed.

The Union League Club of Michigan was organized as a nonprofit corporation. Its main purpose was to erect a club building. To accomplish this purpose the club secured two long-term leases on Detroit property, appointed a building committee, engaged an architect, arranged for financing the building including a proposed mortgage of $825,000, and appointed another committee to secure subscriptions to the capital stock of a holding company designated the Union League Building Corporation, a profit corporation, the declared purpose

of which was buying and selling real estate, exchanging and investing in mortgages and leases, etc. The authorized capital stock was $500,000, of which $300,000 was subscribed and $50,000 paid in. This corporation took over the leases secured by the Union League Club and went forward with the construction of the building. Before its completion financial troubles arose and the corporation went into bankruptcy with an indebtedness of approximately $294,956 and few assets other than unpaid subscriptions for capital stock amounting to $297,000. The Union Guardian Trust Company of Detroit was appointed trustee in bankruptcy and brought this suit in equity to recover a sufficient amount of the unpaid subscriptions to satisfy the corporate debts.

On the hearing the trial court dismissed the bill on the ground of lack of equity jurisdiction because the plaintiff had a full, complete and adequate remedy at law. In this we think the court erred.

The amount of stock subscriptions exceeds the debts of the corporation so the trustee cannot collect the entire amount of the unpaid subscriptions. Each stockholder is liable only for his proportionate share of the corporate debts. The question is how much shall each contribute to the deficiency. The liability of each is directly connected with that of the others. There is no separate controversy. The amount to be paid by one subscriber is dependent on what is due from the others. Some of the stockholders have paid their subscriptions in full; others in part and some have paid nothing. An adjustment of all their rights and liabilities is a proper subject for a court of equity. In *Johnson* v. *Harrison,* 199 Mich. 221, the same question was before this court and in disposing of it we said:

"The feature which is appealing to us, and which in our opinion brings it within equitable jurisdiction, is the fact that the plaintiff is entitled to no more from these defendants than is sufficient to satisfy the claim, and that in equity alone such an amount can be reached and marshaled in liquidation of the claims. In effect, by this equitable proceeding the plaintiff is seeking to treat all the defendants fairly and to equitably distribute the liability among them, if the allegations of the bill are sustained by the proofs. In our opinion, an action at law cannot fairly adjust these equities and claims, and it therefore does not afford a full, complete, and adequate remedy between the parties."

In the instant case the plaintiff's only adequate remedy lies with the equity court. It is not necessary to discuss other questions presented by the briefs.

The trial court erred in dismissing the bill. The decree is reversed, with costs to the plaintiff.

WEADOCK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.