ISAAC M. TURNER, ASSIGNEE OF THE OWASHTANONG BOAT CLUB OF GRAND RAPIDS, V. IRA C. HATCH ET AL.

| 100 | 65 |
|-----|-----|
| 122 | 246 |

*Attachment—Dissolution—Equity jurisdiction.*

1. The remedy of an assignee of an insolvent debtor for the dissolution of an attachment upon the assigned property is in chancery.[1]
2. The court out of which a writ of attachment issues does not, in the first instance, determine that good cause exists for the issuance of the writ, nor does it direct the seizure of specific property, nor is it vested with (original) jurisdiction of any controversy that may thereafter arise as to the existence of cause for the attachment.
3. The circuit court of Kent county, in chancery, has jurisdiction of a bill by an assignee of an insolvent debtor to dissolve an attachment on the assigned property issued from the superior court of Grand Rapids.

Appeal from Kent. (Adsit, J.) Argued February 14, 1894. Decided April 10, 1894.

Bill to dissolve writs of attachment. Defendants appeal. Decree affirmed. The facts are stated in the opinion.

*T. F. Carroll* and *L. E. Knappen,* for complainant.

*Thomas F. McGarry* and *William F. McKnight,* for defendants.

McGRATH, C. J. Defendants attached the real and personal property of the Owashtanong Boat Club on January 26 and 27, 1892. The boat club made an assign-

---

[1] See *Bank v. Barnes,* 100 Mich. 1, subd. 2 of note, as to who may apply for the dissolution of an attachment.

ment, under the statute, to complainant, January 27, 1892, and the assignee found the sheriff in possession under said writs of attachment. The writs were issued out of the superior court of Grand Rapids. The assignee files this bill in the circuit court for the county of Kent, in chancery, to dissolve the writs.

It is conceded that the remedy of the assignee is in chancery, but it is insisted that the superior court acquired jurisdiction by the attachment proceedings, and that the jurisdiction thus acquired is exclusive. The question here, however, relates to the validity of the lien, and does not touch the issue in the superior court. The proceedings to secure the statutory advantage is special. The court out of which the writ issues does not, in the first instance, determine that good cause exists, nor does it direct the seizure of specific property; and that court is not vested with jurisdiction of any controversy that may thereafter arise as to the existence of the cause. Complainant's assignor could only apply for the dissolution of the attachment to a circuit court commissioner, to the judge of the superior court, or to the circuit judge. This proceeding does not divest the superior court of jurisdiction of any matter directly involved in the suit before it. All the questions triable by that court remain for adjudication by it. It will not be insisted that, if property seized in attachment is claimed by a third party, such third party cannot bring replevin, and, as between these courts, choose either, and in the forum so chosen have the question of the title to the property determined. Both of these courts are creatures of the same fundamental law, are subject to the same rules, and the determination of the question arising in either is subject to review by the same tribunal. The rule that prevails as to questions arising between state and federal courts has no application.

The decree of the court below is therefore affirmed, with costs to complainant.

The other Justices concurred.