## BALE *v.* MICHIGAN TONTINE INVESTMENT CO.

CORPORATIONS—FRAUDULENT CONTRACT—EQUITY JURISDICTION.
> This case is substantially like *Edwards* v. *Michigan Tontine Investment Co., ante,* 1. The fact that complainant, after ascertaining the fraudulent conduct of defendants, refused to continue payments upon his contract, does not justify a different result.

Appeal from Ionia; Stone (George P.), J., presiding. Submitted January 6, 1903. (Docket No. 1.) Decided March 23, 1903.

Bill by John J. Bale against the Michigan Tontine Investment Company and others for an accounting and

the appointment of a receiver. From an order overruling a demurrer to the bill, defendants appeal. Affirmed.

*N. O. Griswold* and *C. L. & C. B. Rarden,* for complainant.

*A. A. Ellis, R. A. Hawley,* and *Morse & Locke,* for defendants.

MONTGOMERY, J. This case is before us on demurrer to the bill of complaint. In only one respect does it differ in any substantial way from the case of *Edwards* v. *Michigan Tontine Investment Co., ante,* 1 (92 N. W. 491), in which case we held that the bill stated a case for equity jurisdiction. The particular in which the present case differs from that is that the present bill avers that the complainant, after ascertaining the fraudulent conduct of the defendants, and that their contract was *ultra vires,* refused to continue payments upon his contract. This averment does not justify a different result. If the charges in the bill are maintained, the complainant ought to be placed *in statu quo.*

The order overruling the demurrer will be affirmed, with costs, and the case remanded for further proceedings.

The other Justices concurred.