# OCTOBER TERM, 1898.

## LIEBERMAN v. SLOMAN.

1. EQUITY—DEMURRER—REMEDY AT LAW.
   A bill to restrain defendant from prosecuting an action at law against complainant growing out of a, purchase of land on their joint account, which sets up defendant's fraudulent conduct with respect to the purchase, avers that the land is held by complainant as trustee, and asks that an account be taken, and a decree rendered establishing the respective rights and interests of the parties, and that the necessary conveyances be directed,—is not demurrable on the ground that complainant's remedy at law is adequate.

2. SAME—AVERMENT OF JURISDICTION—EFFECT OF OMISSION.
   If the case made by a bill is clearly of equitable jurisdiction, the court will sustain it, although the formal allegation that complainant has not an adequate remedy at law is omitted.

Appeal from Wayne; Donovan, J. Submitted June 10, 1898. Decided October 18, 1898.

Bill by John P. Lieberman against Eugene H. Sloman for an accounting. From an order overruling a demurrer to the bill, defendant appeals. Affirmed.

*Chamberlain & Guise* (*John J. Speed*, of counsel), for complainant.

*Sloman & Groesbeck*, for defendant.

MONTGOMERY, J. This is an appeal from an order overruling a demurrer to a bill in equity. The brief of the counsel for the complainant states the facts and law so clearly that we quote from it at length:

"The case as made by the bill is, briefly stated, as follows: The parties, at the solicitation of the defendant, entered into a purchase on joint account of certain real estate. A portion of the purchase price was secured by mortgages upon the property, and, of the balance, a portion was to be paid by complainant and the remainder by defendant. The property was purchased in the name of the defendant, and he represented to complainant that the purchase price was very much larger than it actually was; and upon such representation the complainant was induced to advance $7,400 as his share of the purchase price, when in fact the entire balance above the mortgages did not exceed $6,029, the difference between this sum and the $7,400 being retained by the defendant; the defendant further representing that, in addition to the $7,400 advanced by complainant, he (defendant) had paid on account of the purchase, and as his share of the advanced payment, the sum of $1,400. It was agreed that defendant should convey to complainant the land, to be held by him in trust, and the conveyance was made, and a written agreement was made, which recited the making of the purchase in the name of complainant, and agreed that complainant would make certain advances of expenses and taxes and the amount payable to the mortgagees, and the defendant should take charge of the platting, improvement of the property, and the sale of lots, the amount received from sales to be applied to the payment of expenses, the payment of the mortgages, and the repayment of the advances made by each of the parties, with interest at 7 per cent., and the balance divided equally between the parties. It was further agreed: 'And, in case the land shall not be sold within five years, then the advances of the parties hereto shall be adjusted, computing interest at 7 per cent., so that each shall have contributed one-half of all sums paid on account of the same, and thereafter the land shall be owned in common, and all liabilities shared equally; the intention being that all losses and gains shall be shared equally.'

"The bill further alleges that, since the making of this agreement, the complainant has paid out for interest and taxes the sum of $4,596.07, and the defendant claims he has advanced moneys on account of the lands to an amount exceeding $2,300, and has commenced a suit at law to recover from complainant the amount of such advances, claiming that the agreement has been canceled by mutual

consent, but which pretenses have no foundation in fact; that the mortgages have not been paid, and are due; that five years have elapsed since the purchase and making of said agreement, and the land has not been sold as provided by the agreement; and the complainant claims that he is entitled to have the advances made by each party adjusted, and such advances made by each over and above the sum contributed by the other party repaid, so that each shall have contributed one-half of the sums paid, and thereafter the lands owned in common, as provided in the clause of the agreement recited above. The complainant acknowledges that he holds the lands in trust, and he offers to convey, upon adjustment of the accounts, one-half of the property to defendant.

"The bill prays that an account may be taken; that the representations made by the defendant as to the purchase price be decreed to be fraudulent; that the aggregate amount actually advanced by each party be ascertained, and contributions made to equalize such advances, the liabilities adjusted as between themselves, the respective rights and interests of each party in the lands be ascertained and decreed, and the defendant restrained from prosecuting his action at law against the complainant. To this bill of complaint the defendant filed a demurrer, claiming that the complainant has not made a case entitling him to relief in a court of equity, and that he has a complete and adequate remedy at law.

"The bill does not merely seek to obtain an account between the parties, nor to establish a defense to an action at law, but to obtain a decree establishing the rights and interests of the parties in real estate which is now held by the complainant as trustee, and that the necessary conveyances in accordance with such determination be made. It is obvious that a court of law cannot deal with the entire subject-matter, and that a court of equity can alone do justice to the parties in relation to their respective rights, not only as between themselves in the matter of the accounts, but in respect to their interest in the lands, and the conveyances or releases which should be decreed. Provision should also be made with reference to the liability upon the mortgages. The remedy at law is not only wholly inadequate, but incomplete. See *Blodgett* v. *Foster*, 114 Mich. 688.

"It is not necessary to make the formal allegation that the complainant has not a complete and adequate remedy

at law. It is a mere superfluity. The facts stated confer the jurisdiction. Story, Eq. Pl. § 34."

The order appealed from will be affirmed, and the case remanded for further proceedings.

The other Justices concurred.