MACTAVISH *v.* KENT CIRCUIT JUDGE.[1]

1. INSURANCE—BILL TO CANCEL POLICY—AVERMENTS.

That an insurance company's bill to cancel a policy for fraud of the insured, and to enjoin the beneficiary from prosecuting a pending action at law thereon, alleges that complainant has assumed to cancel and annul the policy, does not show that it was unnecessary for the company to invoke the aid of equity, it being evident that the validity of the company's attempt at cancellation is denied, and must be determined by the courts.

2. EQUITY—INJUNCTION.

Although injunction is usually refused where defendant answers fully, denying all the allegations of the bill, the granting it, even under such circumstances, is within the discretion of the court.

[1] Rehearing denied January 23, 1900.

3. SAME—MANDAMUS TO COMPEL DISSOLUTION OF INJUNCTION.
   On *mandamus* to compel the dissolution of an injunction
   restraining an action at law, it is unimportant that the in-
   junction bill failed to allege the state of the pleadings in the
   action sought to be enjoined; counsel having had opportunity
   to bring the subject to the attention of the court on his
   motion to dissolve the injunction.

4. SAME—POINT PROPERLY RAISED BY DEMURRER.
   Nor is it important that the injunction bill contained no
   allegation that the legal remedy was inadequate, the point
   being one properly raised by demurrer.

5. SAME—JURISDICTION — ENJOINING ACTION IN ANOTHER COURT.
   Relator brought an action on a fraternal society's benefit
   certificate. Subsequently the society filed a bill in the cir-
   cuit court of another county to cancel the certificate on the
   ground that it was procured by fraud, and the latter court,
   sitting as a court of equity, enjoined the prosecution of the
   action at law pending the determination of the suit in equity.
   *Held,* that the circuit court of such other county, sitting in
   equity, had power, in its discretion, to issue such injunction,
   and that its action in so doing could not be reviewed by the
   Supreme Court.

*Mandamus* by Maggie Mactavish to compel Allen C.
Adsit, circuit judge of Kent county, to dissolve an injunc-
tion. Submitted October 24, 1899. Writ denied Decem-
ber 12, 1899.

*Lee E. Joslyn,* for relator.

*Wanty & Knappen,* for respondent.

HOOKER, J.   The relator brought an action upon a fra-
ternal society beneficiary certificate in the circuit court for
the county of Bay. Subsequently the defendant in that
action filed the bill in this case for cancellation of the cer-
tificate upon the ground of fraud alleged to have been
committed in procuring the certificate, and an injunction
*pendente lite* was issued by the Kent circuit court, sitting
in chancery, restraining the plaintiff in the original action
from further prosecuting said action. An affidavit was
filed, denying the fraud, in conjunction with a motion to

dissolve the [injunction;. and, said motion being denied, we are asked to compel the circuit court to dissolve the injunction. The grounds relied on by counsel for relator appear to be:

1. That the bill alleges that the society assumed to cancel and annul the certificate, and therefore it is unnecessary to invoke the aid of equity to the same end.

2. That the material allegations of the bill are denied by affidavit, and that this entitled the relator to a dissolution of the injunction.

3. That the court had no jurisdiction to grant the injunction, (a) because the pleadings in the original case were not fully set up in the bill; (b) because it failed to allege injury or want of complete remedy at law.

It is an established rule that the court will not interfere with the discretion of a circuit judge in relation to injunctions. Instances are rare where appellate courts will compel lower courts to issue them, and they will seldom compel a dissolution unless the injunction has been issued, or dissolution refused, in contravention of law.

The first and second propositions require only a passing notice. The relator does not admit the binding force of the company's attempt at cancellation, and the company is compelled to submit the question of its right to a cancellation to some court of justice. It is true that there is a general rule that when a defendant answers fully, and denies all of the allegations of the bill, a preliminary injunction will usually be denied. There are, however, cases where this rule is not followed, and it is a matter of judicial discretion.

The failure of the bill to allege the state of the pleadings in the action at law is unimportant. Doubtless, counsel brought the subject to the attention of the circuit court in chancery on the motion to dissolve; and, if not, he has only himself to blame.

If the allegation of inadequacy of remedy at law is wanting, the point should have been raised by demurrer.

The principal effort of counsel appears to be directed towards inducing us to overrule the case of *John Hancock*

*Mut. Life Ins. Co.* v. *Dick,* 114 Mich. 337 (43 L. R. A. 566), and, failing in that, to show a distinction between that case and the present, inasmuch as the injunction is issued from the court of a different county from that in which relator's action was brought. The case of *John Hancock Mut. Life Ins. Co.* v. *Dick* was carefully considered. The question there was not whether it was a hardship upon the plaintiff to be compelled to try the question of fraud in equity, rather than before a jury, but— *First,* whether equity has jurisdiction to cancel a contract obtained by fraud; and, *second,* whether such jurisdiction is cut off by the institution of a prior action at law upon the writing. There is but one answer to these questions. The jurisdiction of equity for cancellation is well settled, and courts cannot curtail such jurisdiction because the same evidence that would justify a decree of cancellation may constitute a defense to an action upon the instrument. The authority to restrain the pending action at law is based upon the equitable jurisdiction to prevent a multiplicity of suits, and this is as well established as any other jurisdiction of equity. Then, the fraternal society had a right to sue in equity, and the court must entertain the suit. It might or might not restrain the beneficiary from prosecuting the pending action at law. That was a matter for the discretion of that court, and not for us. These propositions are elementary, and, as shown in *John Hancock Mut. Life Ins. Co.* v. *Dick,* are fortified by authorities. The briefs in this case furnish additional support to the claim of respondent.

It is urged that the circuit court for the county of Bay first obtained jurisdiction, and that no other court could deprive it of such jurisdiction, or itself take jurisdiction of this controversy. What force there is in this contention applies to cases where two courts have concurrent jurisdiction. These courts have not concurrent jurisdiction, for the court of law has no power to cancel, as was shown in the case of *John Hancock Mut. Life Ins. Co.* v. *Dick,* which is a case upon all fours with the present.

It is urged that the authority to enjoin a pending action at law is confined to the court of chancery for the county in which the action at law is pending, but we do not so understand it. The injunction restrains the party, not the court, and any court having jurisdiction of the subject-matter has authority over the party before it. No one can question the jurisdiction of the Kent circuit as to the subject-matter before it. It may go on and decree cancellation, and, but for the pendency of this action in another county instead of Kent, it might restrain the party from pursuing a remedy at law. This jurisdiction originated when law and equity courts were separate. What it is that has deprived the court of chancery of its power to restrain proceedings in any other court except that held by the chancellor himself as a law judge is not made plain. In Indiana it rests on a statute, which is manifestly sufficient. See *Indiana, etc., R. Co.* v. *Williams,* 22 Ind. 198. But elsewhere the authority is recognized. *Erie R. Co.* v. *Ramsey,* 45 N. Y. 637; *New York, etc., R. Co.* v. *Schuyler,* 8 Abb. Prac. 239; *Platt* v. *Woodruff,* 61 N. Y. 378; *Cushman* v. *Leland,* 93 N. Y. 652. It has never been denied in this State, and, as counsel suggest, *Turner* v. *Hatch,* 100 Mich. 65, and *Hogan* v. *Wayne Circuit Judge,* 106 Mich. 254, were cases where that very thing was done. Again, cases can be found where one court of chancery has restrained parties before it from proceeding in chancery proceedings before other courts, which would be inconsistent with relator's contention.

This attack upon a well-settled chancery jurisdiction has as a foundation the proposition that a person claiming under an insurance policy has a right to try the question of fraud before a jury, and therefore equity should in all cases permit the case to be tried by jury. But counsel does not stop there; he would have us go further, and hold that a chancellor has no discretion, but must yield his own jurisdiction in all such cases, and that, if he does not, we will compel it. There would be no more propriety in our

curtailing equity jurisdiction than there would be in denying some legal jurisdiction. But suppose we were to do so, and hold that equity could not restrain the prosecution of an action of this sort; what should we do where the suit for cancellation is begun first? Will the next step be the contention that we should deny the jurisdiction of chancery in such a case because we may think the right to make a legal defense is remedy enough? If so, and we yield to it, all concurrent jurisdiction would be taken from equity; and not only that, but the same would be true in all cases where, as in this case, equity has jurisdiction to give greater relief than a court of law can do. The right to equitable procedure and relief would not then depend upon established rules, but upon the question whether the complainant ought to be satisfied with some lesser relief, which, in the opinion of an appellate court, would, or could be made to, answer his purpose. We understand that equitable rights are as sacred and as well guarded by the Constitution as the right of trial by jury, and we see neither the occasion nor the opportunity to increase the latter at the expense of the former.

The court of equity can do full justice in this case, and, in the opinion of the judge of that court, the case is one which equity, rather than a jury, should try. In this we must assume that the judge was right. We cannot review that question.

The writ is denied.

The other Justices concurred.