# OCTOBER TERM, 1902.*

EDWARDS *v.* MICHIGAN TONTINE INVESTMENT CO.[1]

1. EQUITY JURISDICTION—FRAUDULENT CONTRACT.

Where a bill alleges that complainant has paid money to a corporation under a contract not wholly illegal, supposing it was legal and acting in good faith, while defendants knew that the business to be transacted under the contract was a cheat and a fraud, the parties are not *in pari delicto*, and equity has jurisdiction to compel an accounting.

2. SAME—REMEDY AT LAW—PLEADING.

A demurrer to a bill on the ground that complainant has an adequate remedy at law should be overruled, where the bill alleges that defendants, the directors and stockholders of a corporation, conspiring together, obtained complainant's money by means of fraud, that the corporation did a large business, is insolvent, that defendants have converted the money taken in by the corporation, and prays for an accounting and an examination of the books.

Appeal from Ionia; Stone (George P.), J., presiding. Submitted October 17, 1902. (Docket No. 91.) Decided December 16, 1902.

Bill by Minnie L. Edwards against the Michigan Tontine Investment Company and others for an accounting. From an order overruling a demurrer to the bill, defendants appeal. Affirmed.

*John T. Mathews,* for complainant.

*A. A. Ellis, Allen B. Morse,* and *F. C. Miller,* for defendants.

* Continued from Vol. 131.
[1] Rehearing denied March 23, 1903.

MOORE, J.   This is an appeal from an order overruling a demurrer to a bill in equity.   This bill was filed against the Michigan Tontine Investment Company, a corporation. The incorporators and stockholders of said corporation are individually, jointly and severally, made parties defendant.   The prayer of the bill is for an accounting on the part of said corporation, and on the part of the stockholders and officers individually, of the funds which came into the hands of said officers, for an injunction restraining the officers and stockholders from paying out or appropriating any of the funds of the company, and for discovery of all matters and things pertaining to said corporation; and the prayer for relief is for decree against the said corporation, and the stockholders and incorporators personally, for the amount of money paid in by the complainant, with interest thereon.

The bill alleges the incorporation of the defendant tontine company, and its purposes, as stated, "to buy, sell, manufacture, and deal in all kinds of jewelry, gold, silverware, precious stones, scientific and musical instruments, and any business naturally appurtenant to the same or connected therewith;" that the said corporation was capitalized at the sum of $5,000; and that the period for which it was incorporated was 30 years.   The bill next alleges an unlawful confederacy by and between the original incorporators and the others who subsequently associated themselves as stockholders to use the corporate name as a cloak to cover up and protect them in the doing of an unlawful business; that an office was opened at the city of Ionia; and that the said incorporators and their agents commenced to solicit business upon a so-called diamond investment contract, the details of which are fully set up. The bill further alleges the manner of soliciting business, and the unlawful, untrue, and fraudulent representations made and held out to complainant and the public in general, which induced complainant to place her money with said defendants; that, in pursuance of the alleged contract made by complainant with said defendants, she (complain-

ant ) paid to defendants the sum of $800 upon 10 of said contracts; that she made a demand for her money, and was offered for her contracts $300. It further charges, on information and belief, that the said defendants had, at the time said demand was made, large sums of money in their hands, which they had received from complainant and other persons who had contributed to said funds, which they were secreting with the intention of converting the same to their own use. It further alleges that said contracts were *ultra vires* and wholly illegal and void as contracts, and that, at the time said defendants issued said contracts under said corporate · name, they knew they were *ultra vires* and void, and that they used the corporate name and character as a cloak to shield themselves from individual liability in the doing of an unlawful business. Complainant further charges that the said defendants are jointly and severally liable to complainant for said fraudulent representations, and that they are trustees of the funds in their hands which came from complainant and others, and are answerable as such.

The bill further charges that defendants individually have withdrawn to themselves, refunded, and appropriated to their own use large sums of the funds of complainant and others in their hands; that the money paid by complainant to said officers was paid through fraud and misrepresentation of the stockholders, officers, and managers, and was paid without consideration. The bill then charges directly that Thomas B. Waring, one of the defendants, who was acting on his behalf and on behalf of the other defendants, solicited complainant to go into said business by means of false and fraudulent representations. The bill further charges that, at the time it was filed, the said defendants were claiming that, by reason of the opinion of the attorney general of the State of Michigan, they were unable to longer do business on said investment contract plan, and claiming that they were not liable to refund to complainant the money she had paid in, or any money whatever; that by reason of said premises she

(the complainant) is entitled to recover from said corporation, or the officers thereof, any funds that may be now in defendants' hands or under defendants' control, not exceeding the amount she has paid in, with interest thereon, and that she is entitled to a personal decree against the defendants for any deficiency that may exist; and that all of said defendants, whether officers, directors, or stockholders, are jointly and severally personally liable and subject to a personal decree against them individually. The bill further alleges that the funds of this complainant are now held in trust for her as funds paid without consideration, such payment having been induced by such false, fraudulent, and illegal representations, and that the same ought, in equity, to be recovered from the parties who have received the same and have appropriated the same. Said paragraph also charges that complainant acted in the utmost good faith, fully believing that the said corporation had full power, right, and authority to make and carry out the contract so offered by him, the said Waring.

The bill then claims the right of discovery of the books, records, and *memoranda*, and all things pertaining to the said corporation and its business, in order that she (the complainant) may determine and know what, in justice and equity, belongs to her of the funds now in the hands of said corporation. The bill further charges in that connection that the said stockholders, officers, and directors have mixed and intermingled the funds now rightfully belonging to complainant with their own funds, and that, unless restrained by the court, they will dispose of their money, and the complainant be deprived of her remedy. Then comes the prayer of the bill, as previously stated.

This bill was demurred to by the several defendants for many reasons, which it will not be necessary to state. The important ones are two in number: *First*, because the complainant purchased the contract with full knowledge of its conditions, and never intended to buy any diamonds, but to receive 50 per cent. on her money; that she aided the corporation in violating its charter, if it was vio-

lated, and is *in pari delicto* with defendants, and the law will leave the parties where they have left themselves.

Contracts of a similar character to the one involved here were before the court in *Rehberg* v. *Surety Co.*, 131 Mich. 135 (91 N. W. 132), and *Barney* v. *Surety Co.*, 131 Mich. 192 (91 N. W. 140), in which cases it was held these contracts were not gambling contracts, within the meaning of the law, and were not wholly illegal. It is true that in one of the cases the business was characterized as a cheat and a fraud. The complainant, in her bill, alleges substantially the same thing, and that the defendants had knowledge of its character, while she did not, but, on the contrary, she supposed the business was legal, and acted in good faith.

The second important ground for demurrer is that complainant has a complete and adequate remedy at law; counsel citing, among others, the two cases mentioned above. It is not always true that, because a remedy might be pursued upon the law side of the court, the chancery side may not also have jurisdiction. The bill alleges that complainant's money was obtained from her by means of fraud; that defendants conspired together, and were parties to the fraud; that a large business was done by the corporation; that it is insolvent; that defendants have converted the money taken in by the corporation, including the complainant's money, to their own use; that an accounting is necessary, and an examination of the books of the corporation. If the case stated in the bill is true,—and it must, on demurrer, be deemed to be true,— under the repeated decisions of this court the chancery side of the court has jurisdiction. *Wheeler* v. *Bank*, Har. Ch. 449; *Wallace* v. *Harris*, 32 Mich. 380; *Wyckoff* v. *Machine Co.*, 43 Mich. 309 (5 N. W. 405); *Tompkins* v. *Hollister*, 60 Mich. 470 (27 N. W. 651); *Sherman* v. *Stove Co.*, 85 Mich. 169 (48 N. W. 537); *Cogswell* v. *Mitts*, 90 Mich. 353 (51 N. W. 514); *Warren* v. *Holbrook*, 95 Mich. 185 (54 N. W. 712, 35 Am. St. Rep. 554); *John Hancock Mut. Life Ins. Co.* v. *Dick*, 114

Mich. 337 (72 N. W. 179, 43 L. R. A. 566); *Blodgett* v. *Foster*, 114 Mich. 688 (72 N. W. 1000, 68 Am. St. Rep. 504); *Lieberman* v. *Sloman*, 118 Mich. 355 (76 N. W. 757); *Mactavish* v. *Kent Circuit Judge*, 122 Mich. 242 (80 N. W. 1086); *Noble* v. *Grandin*, 125 Mich. 383 (84 N. W. 465).

The order of the circuit court is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred.