TOWNSHIP OF NORTH ALLIS v. TOWNSHIP OF ALLIS.

1. TOWNSHIPS—DIVISION—ADJUSTMENT OF FINANCES.
   Sections 2407, 2410, and 2413, 1 Comp. Laws, providing for apportionment of the real estate, personal property, and debts of a township on its division, do not authorize an agreement by one of the succeeding towns to pay the other the estimated amount expended on highways in its territory in excess of that spent in the other.

2. CANCELLATION OF INSTRUMENTS—JURISDICTION IN EQUITY—PROPRIETY OF CANCELLATION.
   . Where a township board has issued promissory notes to another

township, which retains the notes in its possession, and such notes, while prima facie valid, so that they may pass into the hands of innocent parties, are in fact invalid and not binding on the township which appears to have executed them, equity should take jurisdiction and cancel the notes.

Appeal from Presque Isle; Emerick, J. Submitted October 13, 1905. (Docket No. 255.) Decided December 4, 1905.

Bill by the township of North Allis against the township of Allis for the cancellation of certain promissory notes. From an order overruling a demurrer, defendant appeals. Affirmed.

*C. S. Reilley*, for complainant.

*Charles F. Hull*, for defendant.

Moore, C. J. A bill in chancery was filed by the complainant for the cancellation of certain notes issued by the town board of the complainant on a settlement made by the joint boards of the complainant and defendant. The township of Allis was divided into two townships, known as "North Allis" and "Allis." A joint meeting of the township boards of the two townships was held to apportion the assets and liabilities of the townships. They divided the real estate and personal property, and among other matters this meeting attempted to settle was to apportion all the highway moneys spent on the highways in the two townships, when it was then agreed the complainant should pay the defendant the sum of $3,126.14, being money spent on the highways in the township of complainant in excess of that spent on the highways of the defendant, and this action was declared to be a settlement. Complainant by its officers at that time issued six promissory notes for the above amount, due yearly. These notes are still under the control of the defendant and remain unpaid.

Complainant alleges that the joint boards had no au-

thority to enter into such a settlement, or pass on a question of moneys spent on the highways, that it has no remedy at law, and that such action is not binding on complainant and is a fraud on the taxpayers. It prays that the agreement on the part of complainant to pay the notes be canceled, and the notes be delivered up and destroyed, and that an injunction issue, if necessary.

Defendant filed a demurrer, denying that a court of equity had jurisdiction, and alleging that complainant had an adequate remedy at law. The demurrer was overruled and defendant allowed sufficient time to answer. The case is brought here by appeal. The questions are: (1) Has the chancery court jurisdiction? (2) Has the complainant an adequate remedy at law?

It is insisted by the solicitor of defendant that the joint boards of the two townships have authority to adjust the property rights and liabilities of the two townships, and that, when they have done so, the courts will not interfere — citing *Township of Marathon* v. *Township of Oregon*, 8 Mich. 372; *Township of Midland* v. *Township of Roscommon*, 39 Mich. 424; and *Township of Churchill* v. *Township of Cummings*, 51 Mich. 446. An examination of these cases will disclose a very different situation from that made by the bill of complaint. It is doubtless true that, when the joint boards are acting within the scope of the authority conferred by the statute, the courts will not interfere, except in cases of fraud or mistake. It is pertinent, then, to inquire whether what was done in this instance was within the power conferred. Section 2407, 1 Comp. Laws, provides for a disposition of real estate belonging to the townships. Section 2410, 1 Comp. Laws, provides for an apportionment of the moneys, rights, and credits, or other personal estate. Section 2413, 1 Comp. Laws, provides for an apportionment of the debts. We find no provision in the statute authorizing the action taken by the township board in relation to highway expenditures already made, and the action of the township board of the complainant

township in that regard does not bind the complainant. This action resulted in the giving of promissory notes which may pass into the hands of innocent third parties, and which are prima facie valid. To make the relief speedy and effective, the notes should be canceled. The case presented is one where equity should take jurisdiction.

The order of the court below is affirmed. Defendant is given 20 days in which to answer.

MCALVAY, GRANT, BLAIR, and OSTRANDER, JJ., concurred.