## DETROIT TRUST CO. *v.* OLD NATIONAL BANK OF GRAND RAPIDS.

1. Bankruptcy—Preferences — Recovery by Trustee—State Courts—Jurisdiction.

   When a trustee in bankruptcy resorts to a State court to recover payments constituting a preference, as authorized by the bankruptcy law, the jurisdiction and practice are governed by the law of the State in which the suit is brought.

2. Equity—Jurisdiction—Adequate Remedy at Law.

   In this State equity does not take jurisdiction of cases where a suitor has a full, complete, and adequate remedy at law, unless it is shown that there is some feature of the case peculiarly within the province of a court of equity.

3. Bankruptcy—Preferences — Recovery — Equity— Jurisdiction.

   A bill by a trustee in bankruptcy will not lie to recover payments to defendant constituting a preference, where there is nothing to indicate that a judgment against defendant would not be good, and no ground of general equity jurisdiction is alleged, or necessity for equitable relief shown.

Appeal from Wayne; Mandell, J. Submitted October 14, 1908. (Docket No. 56.) Decided December 14, 1908.

Bill by the Detroit Trust Company, trustee in bankruptcy of the estate of William Reid, against the Old National Bank of Grand Rapids to recover certain sums of money paid to defendant. From an order overruling a demurrer to the bill, defendant appeals. Reversed.

*Bernard B. Selling* ( *Hunt & Altland,* of counsel ), for complainant.

*Luman W. Goodenough* ( *Bundy, Travis & Merrick,* of counsel ), for defendant.

Moore, J. The bill of complaint in this cause was filed by the trustee in bankruptcy for the purpose of recovering

certain sums of money alleged to have been paid by the bankrupt to the defendant bank, a creditor, at various times within four months of the filing of the petition in bankruptcy, when, it is alleged, the bankrupt was insolvent and known to be so by the defendant. The bill contained no allegations showing the need of an injunction, or of discovery, or of an accounting, or of specific performance, or of the need of the reformation or cancellation of a written instrument, nor did the prayer for relief seek an injunction, a discovery, an accounting, specific performance, or the reformation or cancellation of a written instrument. The purpose of the bill is to obtain a decree against the bank for the amount of such payments, with interest thereon. The defendant demurred to the bill of complaint for the reason that the complainant had a complete and adequate remedy at law. The demurrer was overruled, and the case is brought here by appeal.

The position of counsel for complainant is as follows:

"The payments by William Reid to the Old National Bank, a creditor, were valid under the laws of the State of Michigan, and it is only because of the existence of the Federal bankruptcy statute giving the right to the trustee in bankruptcy to avoid preferential transfers that this bill can be filed or any proceedings either at law or in equity had to set aside such preferences. The remedy in this case is founded upon the following sections of the bankruptcy act (Act July 1, 1898, as amended by chap. 487, 32 U. S. Stat. pp. 799, 800):

"'SEC. 60a. Preferred Creditors: A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition, and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four months after date of the recording or registering of the transfer, if by law such recording or registering is required.

"'60b. If a bankrupt shall have given a preference, and the

person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person. And, for the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction.

" '23*b*. Suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt, whose estate is being administered by such trustee, might have brought or prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant, except suits for the recovery of property under section sixty, subdivision *b*, and section sixty-seven, subdivision *e*.'  32 U. S. Stat. p. 798.

"As will be noted from the above, suits to set aside preferences may be brought in either the State or Federal courts.  Inasmuch as the State and Federal courts have concurrent jurisdiction in cases arising under section 60*b*, and the right to bring suit is based on a Federal statute, the decisions of the Federal courts upon the question as to the form of the remedy ought to have a great, if not controlling, force."

Counsel cite in support of their contention from several courts of appeal, and say they have not been able to find a decision of this court directly in point.  Upon the oral argument attention was called to the case of *Harmon* v. *Feldheim*, 131 Mich. 470.  This case was a bill of complaint filed by a trustee in bankruptcy, but the bill was dismissed, and the question of the trustee having an adequate remedy at law was not raised.

It is urged that, as the right of the trustee to recover the money claimed in this proceeding is based upon the bankruptcy act, and as the complainant might have brought suit upon the equity side of the Federal court, it would be an anomaly to say that he must resort to the law side of the court if the suit is brought in the State court. It will be noted that the language of the bankruptcy act is:

"And for the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, and any State court

which would have had jurisdiction if bankruptcy had not intervened shall have concurrent jurisdiction."

It is clear that the complainant may exercise a choice as to where he will commence the proceeding, but, if he chooses to bring it in the State court, there is nothing in the statute to indicate that it was intended to change the jurisdiction of those courts as ordinarily exercised; indeed, as to State courts the jurisdiction is limited to a "court which would have had jurisdiction if bankruptcy had not intervened." In Loveland on Bankruptcy (3d Ed.), § 203a, the following language is used:

"To recover property conveyed by the bankrupt in fraud of the act, either as a preference or a fraudulent conveyance, is not a proceeding in bankruptcy. For this purpose there must be a plenary suit at law or in equity according to the nature of the case. Such suits may be actions at law in ejectment, trover, assumpsit, etc., or suits in equity, as a bill to set aside a fraudulent conveyance, etc. What kind of a suit will lie to recover property for the estate of a bankrupt depends upon the law governing the practice in the particular court in which the suit is brought."

The complainant having resorted to the State court, it becomes important to inquire what the law is which governs the practice in that court. There is a conflict in the authorities as to when equity will take cognizance of a case. We need not, however, go outside of our decisions, as the question has been before this court a number of times. The case made by the bill does not require the intervention of a court of equity to do justice. There is nothing to indicate that a judgment against the defendant would not be perfectly good. It is probable that in a trial upon the merits the only question of fact involved about which there would be a dispute would be whether the officers of the bank knew or should have known that the creditor was insolvent. Questions of fact come peculiarly within the province of the jury. The principle involved was discussed in *Prescott* v. *Pfeiffer*, 57 Mich. 21, and again in *Mack* v. *Village of Frankfort*, 123

Mich. 421, where a considerable number of authorities are collated. A reference thereto will make a long discussion here unnecessary. In this State equity has not taken jurisdiction of cases where a suitor has a full, complete, and adequate remedy at law, unless it is shown that there is some feature of the case peculiarly within the province of a court of equity. The bill of complaint does not show such a situation. See *Grandchamp* v. *McCormick*, 150 Mich. 232; *McCormick* v. *Page*, 96 Ill. App. 447, and the cases there cited; *Boonville Nat. Bank* v. *Blakey*, 166 Ind. 442. The demurrer should have been sustained.

The decree is reversed, and the complainant will be given the usual time in which to amend the bill of complaint.

GRANT, C. J., and BLAIR, HOOKER, and McALVAY, JJ., concurred.