BERGER v. ROE.

1. QUIETING TITLE—ADEQUATE REMEDY AT LAW—POSSESSION.
   A bill in equity to quiet title, which does not aver that the complainants are in possession or the defendants are not in possession, is demurrable, for if the defendants are in possession they are entitled to a jury trial. Act No. 256, Pub. Acts 1909 (4 How. Stat. [2d Ed.] § 11965).

2. SAME—EQUITY—FRAUD.
   While equity does not take jurisdiction of cases in which a full and adequate remedy at law exists, if it is made to appear that there is some feature of the case peculiarly within the province of a court of equity, the bill may be maintained.

3. EQUITY—JURISDICTION—CANCELLATION OF INSTRUMENTS.
   In a bill of complaint founded on fraud of one of the defendants in procuring the execution by complainant of a contract to purchase land, which complainant averred the other defendant claimed to own and that he had instituted a suit, then pending, against the original claimant of the property, for possession thereof, the prayer of the complainant for cancellation of the contract on the ground of fraud gave the court jurisdiction, as to the defendant grantor: a demurrer of the other defendant was properly sustained because the remedy at law was adequate.

Appeal from Muskegon; Sullivan, J. Submitted January 20, 1914. (Docket No. 133.) Decided March 26, 1914.

Bill by Frederick P. Berger against Jennie Roe and John Torrent for cancellation of a land contract and to quiet title. From an order sustaining a demurrer to the bill of complaint, complainant appeals. Reversed as to defendant Roe.

*Turner & Turner,* for appellant.

*R. J. Macdonald (W. H. Simpson,* of counsel), for appellee Torrent.

*Cross, Vanderwerp, Foote & Ross,* for appellee Jennie Roe.

KUHN, J. The complainant has appealed from an order sustaining defendants' demurrer. The bill of complaint sets up a contract between the complainant and the defendant Jennie Roe by which the former purchased from the latter what is described as "all of the squatter's right" to certain lands, "together with the house situated on said premises and the lumber belonging to the same," for the sum of $250, of which sum $31 have been paid on the purchase price. The bill of complaint further alleges:

"Complainant further shows unto said court: That on said day at the time of the execution of said contract, this complainant had no knowledge of the title to said land except as represented to him by said defendant, Jennie Roe, and that, not being familiar with such matters, he relied fully on such representations and placed implicit reliance on the same and believed the same to be true. That said defendant then and there represented to complainant that said land was government land, that it had never been surveyed by the government, and that no person had any right or interest in the same, that said land had been taken possession of by her brother, David Alworth, that he had erected buildings thereon and cul-

tivated the same, and that he had never been disturbed in such possession; that John Torrent, who is a resident of said city and county, had at one time, several years ago, commenced proceedings against said David Alworth to oust him from said possession, and that he had abandoned said proceedings, and that the court had decided that said Torrent had no rights in said land or any title thereto; that said David Alworth had communicated with the proper authorities both at Lansing and Washington, and that he had been assured that the said land was government land, supposed to be under water, had never been surveyed, and that the government had never given title thereto to any person whatever; that in case said lands were ever surveyed any one in possession could then apply for the same and purchase the same at the government price—all of which representations were untrue and no basis for the same. That said defendant had no knowledge whatever about the condition of the title to said land nor as to the status of any suit brought by said John Torrent against said David Alworth, for the possession of said land. Complainant has caused the records to be examined, and on information and belief charges that there is a suit now pending in the circuit court for said county for the possession of said land, commenced by said John Torrent against said David Alworth. That the same has never been tried, and that the court has in no case ever had an opportunity to adjudicate the question of title to said land. That said John Torrent claims to own said land. That he claims that he has purchased the government title to all the lands on section 17 in township 10 north, range 16 west, in said county and State, and that the land described in said contract is located on said section. That complainant has no actual knowledge as to who the owner is of said land; whether owned by said John Torrent, Jennie Roe or by the government. That if owned by the government, complainant is satisfied with his contract and is ready and willing to pay for the same in accordance with the conditions thereof. That the claim of said John Torrent is a cloud upon complainant's title to said land and the personal property located on the same; said property consisting of a house of the value

of more than $100, together with other property of some value."

It is further alleged, on information and belief, that the contract was procured by means of untrue statements, and is a fraud against complainant's rights, and that there is an entire want of consideration for the moneys already paid on the contract.

The relief prayed for is as follows:

"*(a)* That said contract be declared null and void and of no effect and that complainant be wholly released from all the requirements contained in the same.

"*(b)* That if the said John Torrent be found to be the owner of said premises, then in that case the said defendant Jennie Roe be enjoined from interfering in any manner with the possession of complainant in and to said premises.

"*(c)* That the title to said premises and personal property be quieted in accordance with the just rights of all the parties interested or who claim to be interested in the same, who are parties to this suit.

"*(d)* That complainant have such other and such further relief in the premises as shall be consistent with equity and as to said court shall seem meet."

In so far as the bill of complaint purports to be a bill to quiet title, it is clearly demurrable. Nowhere in the bill is it shown that any one is in possession of the premises described therein, and it does not allege that the defendants are not in possession. The statute with reference to the filing of a bill in chancery to quiet title is Act No. 256, Public Acts of 1909 (4 How. Stat. [2d Ed.] § 11965), which amends section 448, 1 Comp. Laws. It provides:

"Any person claiming the legal or equitable title to lands, or claiming a title to lands through tax deed or deeds whether in possession or not, may institute a suit in chancery against any other person, not in possession," etc.

If in possession, they are entitled to have their title

determined by a law proceeding and a jury trial. *Tabor* v. *Cook,* 15 Mich. 322; *Chandler* v. *Graham,* 123 Mich. 327 (82 N. W. 814) ; *Monroe* v. *Carter,* 167 Mich. 325 (132 N. W. 1023). For this reason, so far as the interest of John Torrent is concerned, the bill was clearly demurrable.

It is urged, however, that equity has jurisdiction because of the allegation of fraud in the bill. It is well settled in this State that courts of law and equity have concurrent jurisdiction in cases of fraud, but, as was said in the case of *Detroit Trust Co.* v. *Old National Bank,* 155 Mich. 61, 65 (118 N. W. 729) :

"In this State equity has not taken jurisdiction of cases where a suitor has a full, complete, and adequate remedy at law, unless it is shown that there is some feature of the case peculiarly within the province of a court of equity."

The bill prays that the contract be declared null and void and that complainant be wholly released from all the requirements in the same. This is specific relief, especially equitable, and, in our opinion, brings the case within equity jurisdiction.

A careful review of many of the decisions of this court on this question will be found in *Fred Macey Co.* v. *Macey,* 143 Mich. 138 (106 N. W. 722, 5 L. R. A. [N. S.] 1036). In *Mack* v. *Village of Frankfort,* 123 Mich. 421 (82 N. W. 209), cited by defendants, complainants merely sought a money judgment and there was no prayer for relief peculiar to courts of equity. See, also, *Hamilton* v. *Hulled Bean Co.,* 143 Mich. 277 (106 N. W. 731) ; *Roberts* v. *Sholes,* 144 Mich. 215 (107 N. W. 904) ; *Fidelity Mutual Life Ins. Co.* v. *Blain,* 144 Mich. 218 (107 N. W. 877) ; *Beaton* v. *Inland Township,* 149 Mich. 558 (113 N. W. 361) ; *Culver* v. *Avery,* 161 Mich. 322 (126 N. W. 439).

The order of the trial judge sustaining the demurrer is affirmed as to defendant John Torrent and

reversed as to defendant Jennie Roe, and the usual time to answer is given. Defendant Torrent will recover costs against complainant, and complainant will recover costs against defendant Jennie Roe.

MCALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.