LEVITAN v. HOUGHTON NATIONAL BANK.

EQUITY—ACCOUNTING—JURISDICTION—ADEQUATE REMEDY AT LAW.
A bill of complaint for an accounting, instituted by complainant as depositor of a national bank, averring that her husband, without authority, had drawn checks on her account in her name, that complainant had warned defendant bank not to honor checks signed by him and that she had executed a mortgage to satisfy an alleged indebtedness to the bank, due to his unauthorized transactions, and that the mortgage was used to satisfy a debt of her husband, that complainant subsequently gave her

note to the bank, which the bill charged was void on the ground of coverture, *held*, demurrable: complainant had an adequate remedy at law and the court of equity would not interpose its jurisdiction to require the surrender of jewelry and other valuables in the possession of defendant bank. BIRD and MOORE, JJ., dissenting.

Appeal from Washtenaw; Kinne, J.  Submitted June 18, 1914.   (Docket No. 107.)   Decided July 24, 1914. Rehearing denied December 19, 1914.

Bill by Rae Levitan against the Houghton National Bank, for an accounting.  From an order overruling a demurrer to the bill of complaint, defendant appeals. Reversed.

*Arthur E. Fixel* and *Max H. Finkelston* (*Selling & Brand,* of counsel), for complainant.

*Allen F. Rees* (*Rees, Robinson & Petermann,* of counsel), for defendant.

MOORE, J.  This is an appeal from a decree overruling a demurrer to a bill in chancery.  Stripped of its formal parts and its legal verbiage, the bill of complaint avers in substance:  That complainant had a personal savings account and a personal commercial account in defendant bank.  That she was formerly the wife of David Levitan, from whom she has been divorced.  That complainant purchased and sold copper stocks through the agency of said bank.  That during the same time her said husband also purchased and sold copper stocks through the agency of said bank.  That, without authority from her, said bank paid out of her commercial account upwards of $7,000 upon checks signed in her name by said David Levitan without her knowledge or authority.  That said bank now claims that complainant is indebted to it in the sum of upwards of $9,000, and that she believes the said debt is the debt of David Levitan, who became a

bankrupt in June, 1909. That said Levitan liquidated his said debt through the cashier of said bank, which result was brought about by giving a mortgage on the homestead of the complainant, which was signed by her on her understanding that it liquidated the debt referred to.

We quote from the bill of complaint:

"(9) Your oratrix shows: That the said David Levitan concealed his stock transactions from your oratrix. That your oratrix had distinctly forbidden him to trade in stocks in her name. That your oratrix had distinctly cautioned the defendant, the Houghton National Bank, to refuse to honor orders, checks, and notes given by him on her bank account, whether signed in his name or in the name of your oratrix. Your oratrix shows: That said defendants connived at the unlawful and unauthorized transactions of said David Levitan with the money of your oratrix, honored orders and checks signed by said David Levitan, and paid same out of the commercial account of your oratrix at said bank. That such transactions were carried on without the knowledge or consent of your oratrix.

"(10) Your oratrix further shows: That in the year 1907, before the failure of the said David Levitan in his business in L'Anse, Mich., your oratrix underwent a surgical operation in Chicago, State of Illinois. That after going home from Chicago, Ill., to L'Anse, Mich., your oratrix called at the Houghton National Bank. That your oratrix was importuned by the said William McLaughlin, who was the cashier of the defendant bank, to sign a certain note. That your oratrix had had very little business experience and relied entirely on what said William B. McLaughlin told her. That your oratrix at first refused to sign said note. That your oratrix was in a very weak condition physically by reason of the recent operation performed on your oratrix. That the said William B. McLaughlin detained your oratrix at the bank of the said defendant at Houghton, Mich., for a long period of time, to wit, four hours, during which time the said William B. McLaughlin, by various representations,

artifices, and threats, finally succeeded in getting the signature of your oratrix on said note.

"(11) Your oratrix shows: That she has no knowledge as to what the said note was given for, nor does she know the amount of said note or anything in connection with it. That your oratrix had heard from her former husband, the said David Levitan, that William B. McLaughlin could be relied upon for all purposes. That your oratrix had always had her business transactions at the Houghton National Bank with the said William B. McLaughlin. That your oratrix, on the occasion of signing said note, did so on the representations of the said William B. McLaughlin that your oratrix was incurring no liability by the signing of said note. That said David Levitan was indebted to the bank in a large amount. That your oratrix, by signing the said note, was rendering her husband, the said David Levitan, great assistance. That, unless your oratrix signed the said note, the said David Levitan would get into trouble with his creditors and would lose his business. That by reason of an indebtedness to said defendant on the said home at L'Anse, Mich., your oratrix and David Levitan might be put out of their home. Your oratrix further shows unto the court that yielding to the solicitation of the said William B. McLaughlin to sign the said note (having no idea that she was signing a note for unauthorized purchases of stock made in her name) after being detained at the bank in her weakened condition for almost four hours, and being unable to judge for herself as to the propriety of her signing said note, and being unable, because of her physical condition and because of the influence exerted over her by the said William B. McLaughlin, to judge for herself what she was doing in reference to her property rights, at the direction of the said William B. McLaughlin, caused her signature to be affixed to said paper now alleged to be a note for $9,736.69. * * * "

The bill then states various transactions and memorandums.

"(20) Your oratrix further shows: That about the 1st day of October, 1907, your oratrix delivered for safe-keeping to the said defendant her diamonds valued

182 Mich.—3.

at about $1,000. That said diamonds were not given to the said defendant as a pledge or to secure any account of your oratrix or of any other person. * * * That she requested a statement of account from the said defendant. That your oratrix likewise made demand of the said defendant to return to her her diamonds, which request was refused by the said defendant. * * * "

The bill of complaint avers: That complainant relied entirely upon the statements of the cashier of defendant bank.

"That as a consequence your oratrix does not know all of the amounts withdrawn from her credit at said defendant bank on memorandum checks. That your oratrix does not know the exact amount received on the sale of her Houghton National Bank stock. That your oratrix, at the present time, does not know the exact amount of money secured by the said defendant from the savings account of your oratrix at the Marquette National Bank. Your oratrix further shows that she does not know the amounts of the unauthorized charges against the account of your oratrix at said bank on checks signed in the name of your oratrix by the said David Levitan, and that your oratrix has no complete records of the stock purchases and sales made through the agency of said defendant for your oratrix or for said David Levitan in the name of your oratrix, for which moneys were borrowed in the name of your oratrix at said bank. * * * Your oratrix shows: That she must therefore have a complete and true accounting from the said defendant with reference to all of its transactions involving the commercial account of your oratrix at the said bank. That your oratrix is entitled to such accounting, so that every charge made against the account of your oratrix can be identified, and so that those charges which were made at the direction of the said David Levitan and for his benefit may be segregated from those withdrawals which your oratrix herself made from her said bank account. That, should it be determined after such accounting that any of the items charged against the account of your oratrix do not represent an indebtedness or an obligation of your oratrix, your

oratrix may have a decree for the amounts so found to be due her from the said defendant, the Houghton National Bank."

The bill of complaint prays, among other things, for an accounting and for a decree for the amount due complainant.

"That the court decree the surrender to your oratrix of the diamonds and jewelry belonging to your oratrix and now in the possession of said defendant. * * * That, by reason of the coverture of your oratrix at the time of signing said alleged note, the said note is not a valid obligation for any indebtedness which is not chargeable to the dealings of your oratrix with her individual property. That, should the court find that any part of the indebtedness evidenced by said note is a liability of said David Levitan, the court order said note to be canceled and delivered up to your oratrix. That the court restrain said defendant from transferring, assigning, or disposing of said alleged note pending the hearing in this cause."

There were prayers for other relief and a prayer for general relief.

The defendant demurred to the bill of complaint, assigning five reasons, but the important one argued in the briefs and in the oral argument of the solicitor for appellant is that:

"The said bill of complaint on its face shows that complainant has a full and adequate remedy at law for the several claims and demands set forth in said bill of complaint."

Many cases are cited, and an elaborate argument is made on the part of appellant. We shall not attempt to analyze the bill of complaint or make a criticism of the cases. The demurrer of course admits the truth of such of the averments of the bill of complaint as are properly pleaded. The court below, in decreeing that the bill of complaint made a case for the exercise of chancery jurisdiction, is justified by the following cases: *Blodgett* v. *Foster*, 114 Mich. 688 (72 N. W.

1000, 68 Am. St. Rep. 504) ; *Excelsior Wrapper Co.* v. *Yund,* 176 Mich. 372 (142 N. W. 353) ; *Kirby* v. *Railroad,* 120 U. S. 130 (7 Sup. Ct. 430) ; *Tompkins* v. *Hollister,* 60 Mich. 470 (27 N. W. 651) ; *John Hancock Ins. Co.* v. *Dick,* 114 Mich. 337 (72 N. W. 179, 43 L. R. A. 566) ; *Mactavish* v. *Kent Circuit Judge,* 122 Mich. 242 (80 N. W. 1086) ; *Edwards* v. *Investment Co.,* 132 Mich. 1 (92 N. W. 491) ; *Township of North Allis* v. *Allis Township,* 142 Mich. 137 (105 N. W. 139) ; *Fred Macey Co.* v. *Macey,* 143 Mich. 138 (5 L. R. A. [N. S.] 1036), and the many cases cited in the two opinions in the last-named case.

We think the averments of the bill of complaint are sufficient to call for an answer and proofs.

The decree of the court below should be affirmed, with costs, and defendant allowed the usual time in which to answer.

BIRD, J., concurred with MOORE, J.

STONE, J. I think that the demurrer should have been sustained on the ground that complainant has an adequate remedy at law.

McALVAY, C. J., and BROOKE, KUHN, OSTRANDER, and STEERE, JJ., concurred with STONE, J.