REIS v. APPLEBAUM.

FRAUD—EQUITY—ADEQUATE REMEDY AT LAW.
   A bill for a money judgment, based solely on averments of fraud, is demurrable on the ground that the complainant has an adequate remedy at law.

Appeal from Saginaw; Gage, J. Submitted June 22, 1914. (Docket No. 48.) Decided October 2, 1914.

Bill by Joseph Reis and others against Isaac Applebaum and others for fraudulent misrepresentations. From an order sustaining a demurrer to the bill of complaint, complainants appeal. Affirmed.

*Henry E. Naegely* and *E. A. Snow*, for complainants.

*Alex J. Groesbeck*, for defendants.

KUHN, J. This is an appeal from an order sustaining the demurrer of several of the defendants herein. The allegations of the bill of complaint are fully set forth in the opinion of this court in the case of *Reis* v. *Applebaum*, reported in 170 Mich. 506 (136 N. W. 393). The grounds for demurrer are as follows:

(1) The complainants are not judgment creditors of either or any of the defendants and therefore are not entitled to maintain their bill of complaint.

(2) The complainants have not, in and by their bill of complaint, stated such a case as entitled them to any relief at the hands of a court of equity.

(3) Under the laws of this State, and particularly chapter 269 of the Compiled Laws of 1897, this court has no jurisdiction of the matters contained in said bill.

(4) The bill of complaint states no legal or equitable cause of action against these defendants, shows upon its face that the complainants have no claims of any nature against these defendants, and is purely vexatious in character.

(5) Under the laws of this State a court of equity has no jurisdiction of the facts and circumstances set forth in the bill of complaint.

An examination of the bill of complaint discloses that the allegations of fraud relied upon are based on the charge that the articles of association set forth that there were $100,000 paid into the company at the time the same was incorporated, whereas in fact said statement was false, untrue, and fraudulent, and that this claimed fraud was known to the defendants, and one of them, defendant Applebaum, purchased the railroad at a foreclosure sale. It seems that when this charge was made in the bill the complainants were laboring under a misapprehension of the facts, as the articles of association which are made a part of the

bill show that the capital stock of the company was $1,000,000, 10,000 shares of $100 each, and that the road was to be constructed from the city of Saginaw to the city of Flint and to the village of Vassar, in the county of Tuscola, the length of the line to be 45 miles. An affidavit attached to the articles of association in accordance with section 6396, 2 Comp. Laws, states that stock to the amount of $1,000 per mile of the railway has in good faith been subscribed, and that 10 per cent. thereof has been paid as required by law. Thus it would appear that all that was paid in at the time of organization, as set forth in the articles, was $4,500, instead of $100,000 as claimed by the complainants.

It is now contended, however, that as the bill states that no money whatever was actually paid in, it makes no difference, so far as the fraud is concerned, whether the amount was $4,500 or $100,000. There is some question whether the language of the bill is specific enough to warrant this interpretation, but to our minds it is immaterial, because the important question is whether the general charge of fraud upon which complainants rely is sufficient to give the equity court jurisdiction. The specific relief prayed for, which in effect asks for the entry of a money judgment, is as follows:

"That the legal liability and responsibility for the issuance and payment to the complainants of the several amounts of money represented by the bonds aforesaid of complainant may be aided, established, and decreed against the said defendants and in favor of the said complainants, and that said defendants may be required by an order of the court to pay to the complainants the several said sums of money according to the tenor and effect as provided for in the bonds aforesaid of said complainants."

The learned trial judge in sustaining the demurrer was of the opinion that "fraud alone is not a sufficient

ground for a court of equity in this State to assume jurisdiction," and in this conclusion he is sustained by the recent decisions of this court. A clear statement of the rule applicable is found in the opinion of this court in *Laubengayer* v. *Rohde,* 167 Mich. 605, on page 610 (133 N. W. 535), where Justice STEERE, speaking for the court, said:

"The most serious ground of demurrer urged is that complainant has an adequate remedy at law, which precludes jurisdiction in equity. That courts of law and equity have concurrent jurisdiction in cases of fraud is well settled, and it is also well settled in this State that a suit may be planted on the chancery side of the court where complainant is shown entitled to relief especially equitable. The question has been before this court in numerous cases, and thoroughly discussed. A comprehensive review of many of the decisions is to be found in *Fred Macey Co.* v. *Macey,* 143 Mich. 138 (106 N. W. 722, 5 L. R. A. [N. S.] 1036). In *Detroit Trust Co.* v. *Old National Bank,* 155 Mich. 61 (118 N. W. 729), it is said:

" 'In this State equity has not taken jurisdiction of cases where a suitor has a full, complete, and adequate remedy at law, unless it is shown that there is some feature of the case peculiarly within the province of a court of equity:'

"It was further pointed out in that case, as reasons for sustaining a demurrer, that the allegations in the bill did not show need of an injunction, or of a discovery, or of an accounting, or of specific performance, or the reformation or cancellation of a written instrument, and there was nothing to indicate that a judgment against defendants would not be perfectly good.

"In the case at bar there is no claim that defendants are financially irresponsible, or a judgment against them doubtful; according to the scheme of complainant's bill, all he seeks and all he is entitled to in the end is a money judgment for the damages he has susstained."

In addition to cases cited in this opinion, see *Mack* v. *Village of Frankfort,* 123 Mich. 421 (82 N. W. 209) ;

*Berger* v. *Roe,* 179 Mich. 184 (146 N. W. 200) ; *Levitan* v. *Houghton National Bank,* 182 Mich. 30. (148 N. W. 388). The order sustaining the demurrer is affirmed, with costs.

McALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.